BARNUM v. BERK.

1. TRIAL—EVIDENCE—MOTOR VEHICLES.

In action for death of plaintiff's decedent, resulting from automobile collision, it was not reversible error to strike unresponsive answer of witness that person at scene of accident said she told driver of defendant's car "not to turn" in front of plaintiff's car, where it did not appear at that time that said person was occupant of defendant's car, although it was shown later.

2. SAME—FAILURE TO PASS ON MOTION TO STRIKE—EVIDENCE.

Failure of court to pass on motion to strike out, "because of its inaccuracies," map showing distances at scene of accident involved, was not error, where counsel also said that he had no objection to its remaining as merely crude illustration of situation.

3. MOTOR VEHICLES—CONSENT OF OWNER—QUESTION FOR JURY.

In action for death of plaintiff's decedent due to collision with defendant's automobile, there was no error in submitting to jury question of whether car was being driven with defendant's consent, either express or implied, under circumstances.

4. NEW TRIAL—GREAT WEIGHT OF EVIDENCE
    Motion for new trial, on ground that verdict for defendant was
    against great weight of evidence, *held,* properly denied.

Appeal from St. Clair; George (Fred W.), J. Submitted October 16, 1931. (Docket No. 138, Calendar No. 35,771.) Decided December 8, 1931.

Case by Lue R. Barnum, administratrix of the estate of Helen Noble, deceased, against Carl Berk, for personal injuries resulting in death of plaintiff's decedent received in an automobile collision. Verdict and judgment for defendant. Plaintiff appeals. Affirmed.

*Isabel D. Lamoreaux* (*Herbert W. Smith,* of counsel), for plaintiff.

*Theo. D. Halpin* (*Stewart & Black,* of counsel), for defendant.

SHARPE, J. In the evening of July 18, 1928, a Ford car, driven by Donald Vanderlip, came into collision with a Whippet car, owned by the defendant and driven by his nephew, Ventre Berk, on the highway east of Lapeer, and as a result thereof plaintiff's decedent, Helen Noble, who was riding in the Ford car, sustained injuries resulting in her death a few hours later, and a boy named Wilcox, who was riding in the Whippet car, was instantly killed.

The accident occurred at a point on the highway where an intersecting road leads to the south to a resort known as Palmer's landing. The Ford car was being driven to the east, and the Whippet car to the west. The driver of the latter desired to turn to the south at the intersection, and, to do so, he had to cross in front of the Ford car, and it is

plaintiff's claim that, under the circumstances, it was negligent for him to do so. It is the claim of the defendant that the Ford car was being driven at an excessive rate of speed, and that the collision was due thereto.

The jury rendered a verdict in favor of the defendant, on which judgment was entered. Plaintiff's motion for a new trial was denied. She here seeks review by appeal.

The errors will be considered in the order in which they are discussed by plaintiff's counsel in their brief.

1. Carrie Malsbury, a witness called by plaintiff, was camping near the place of the accident, heard the crash, and rushed to the place where it occurred. She testified that when she arrived she saw the sister of the deceased boy holding his head upon her lap. She also saw plaintiff's decedent lying on the ground. She was then asked: "Did they both appear to be unconscious?" and answered: "Oh, no. The girl was—she kind of had this man on her lap. She was saying, 'Oh, I told him not to turn; I told him not to turn; I told him not to turn.'"

On motion of defendant's counsel, the latter part of the answer was stricken out because "not responsive to the question." It did not appear at that time that Gladys Wilcox, the girl holding the boy, had been an occupant of the Whippet car. Counsel stated to the court that he would have proof to that effect, and sought to further interrogate the witness relative thereto. On objection of counsel, the court held that the examination must proceed in the regular way, and declined to permit Ventre Berk to be then called to testify to that fact. Gladys Wilcox was then called as a witness by plaintiff, and testified that she had been an occupant of the Whippet car at the time of the accident. Carrie Malsbury

was not thereafter called. Without passing upon the admissibility of the statements claimed to have been made by Gladys Wilcox, we find no reversible error in the ruling of the court relative thereto.

2. The defendant called a civil engineer who had made some measurement of the highway at the place of the accident, and a map indicating the distances and surroundings as made by him was introduced. After cross-examining him, plaintiff's counsel moved to strike it out "because of its inaccuracies." He also said, "I have no objection, however, to its remaining as merely a crude illustration of the situation." The motion to strike was not passed upon by the court. We find no error in what then occurred.

3. The court submitted to the jury the question as to whether or not Ventre Berk was driving the Whippet car with the consent, either express or implied, of the defendant. Counsel for the plaintiff now call attention to the testimony of Ventre, in which he at one time said that he was driving the car with the consent of defendant's wife. He had theretofore testified that she had, in the afternoon, consented to his driving the car to the village of Attica to make a purchase, and that, when he afterwards took it, he said nothing to her about it. It is apparent from this record that no attention was paid to his statement on cross-examination that defendant's wife consented to his driving the car. No request was preferred, as would doubtless have been done had plaintiff's counsel attached importance to it. Under the circumstances, we find no error in the submission of this question to the jury. It surely was not a controlling one in their deliberations or in the result reached by them.

4. It is urged that the verdict was against the great weight of the evidence, and that the court erred in its refusal to grant a new trial for that reason. In his opinion denying the motion, the trial court said:

"As usual in cases of this type, a sharp conflict in the proof existed on material issues. Donald Vanderlip, driver of the car in which plaintiff's decedent was riding, testified that he was going between 20 and 25 miles per hour at the time of the impact. He testified also that the Berk car was 10 or 15 feet from his car when it started to turn in front of him. He testified also that the collision occurred near the center of the roadway rather than near its south side. On the other hand, Ventre Berk testified that the Vanderlip car was between 125 and 150 feet from his car when he started to turn and that the collision occurred when the Berk car, excepting its rear wheels, was entirely off the traveled portion of M-21. These facts, disputed as they are, bear heavily on what to my mind is always the pivotal question in these cases, viz.: Is the oncoming car such a distance away as to justify the judgment of the driver about to turn or cross in front of it that the turn or crossing can be made in safety to all concerned?

"That a collision does happen does not of itself establish negligence on the part of the driver who is turning. He has a right to assume that the driver of the oncoming car, if it is a reasonably safe distance away, will see him commence to turn or cross and slow up or stop, if necessary.

"If the jury believed Ventre Berk's testimony, and it had a right to, the Vanderlip car had ample opportunity to slow up and avoid the collision if traveling at anywhere near reasonable and proper speed under the circumstances. The physical facts in the case certainly tend to support Ventre Berk's

view of this collision. Without detailing them, they are consistently persuasive that the Vanderlip car was traveling at a highly excessive rate of speed under the circumstances. No car of the size and weight of a Ford coupe could, in my opinion, accomplish the results that the Vanderlip car indisputably did without a terrific momentum."

We are in accord with the conclusion reached by him. The judgment is affirmed.

BUTZEL, C. J., and WIEST, CLARK, McDONALD, POTTER, NORTH, and FEAD, JJ., concurred.