LEADON v. DETROIT LUMBER COMPANY.

1. MASTER AND SERVANT—CONTRACT OF EMPLOYMENT—VERDICTS—EVIDENCE.

Verdict for defendant employer in action against it by former employee for claimed violation of his contract of employment *held*, not against the great weight of evidence.

2. SAME—CONTRACT OF EMPLOYMENT—INSTRUCTIONS.

Issues presented in former employee's action for claimed breach of his contract of employment with defendant *held*, to have

REFERENCES FOR POINTS IN HEADNOTES
[1–3, 5] 35 Am Jur, Master and Servant § 52 *et seq.*
[4] 20 Am Jur, Evidence § 557.

been fairly presented to jury in a charge that was without reversible error.

3. SAME—BREACH OF CONTRACT—EVIDENCE.

Contention of former employee that verdict for defendant employer in action against it for claimed breach of contract of employment was contrary to law in that plaintiff was laid off rather than discharged *held,* not substantiated by record as to claimed judicial admission.

4. EVIDENCE—ADMISSIONS.

A judicial admission is one made in the course of a trial and on the record.

5. MASTER AND SERVANT—UNION CONTRACT—BREACH OF CONTRACT OF EMPLOYMENT.

Former employee of defendant employer may not rely on rights arising out of the contract between the local union of which he was a member and the employer in action against the latter for breach of contract of employment, where the plaintiff never pursued the remedies afforded him under the union contract.

Appeal from Wayne; Moynihan (Joseph A.), J. Submitted April 13, 1954. (Docket No. 9, Calendar No. 45,957.) Decided June 7, 1954.

Mary Leadon, administratrix of the estate of John Leadon, deceased, continued the prosecution of an original action by John Leadon, against Detroit Lumber Company, a Michigan corporation, for damages for alleged improper termination of employment. Verdict and judgment for defendant. Plaintiff appeals. Affirmed.

*Dee Edwards,* for plaintiff.

*Iverson & Allin,* for defendant.

BUSHNELL, J.    John Leadon, a former employee of defendant Detroit Lumber Company, on March 27, 1951, brought an action for damages arising out of a claimed violation of his contract of employment.

He died 3 months later and his sister, Mary Leadon, as executrix of his estate, was substituted as plaintiff.

Leadon was hired by defendant as a yardman on February 16, 1948, and thereafter became a member of Local 458 of the International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America (AFL), which had a contract with the lumber company. Among other things, this contract provided for seniority rights and certain procedure in the event of disputes and discharges. Leadon's original employment was on a day-to-day basis, but he was put on the regular pay roll on a weekly basis on May 20, 1948, and thereafter acquired seniority as a yardman. Early in September of 1949, when transferred to the job of watchman, a dispute arose over his wages, and this subsequently was adjusted. On October 5, 1949, he was discharged. He refused to accept his final pay when he saw the word "discharged" written on his pay card. Leadon made no attempt to resort to the remedies afforded under his local union's contract.

Defendant employer takes the position that Leadon was discharged for cause, the misconduct being summarized in appellee's brief as follows:

"Making unnecessary and unfounded complaints and reports to various outside agencies with respect to defendant's premises and operations, thereby causing annoyance, disturbance, disruption of operation and inconvenience to defendant; making money loans to fellow employees and collecting the same upon the premises of defendant, all on company time and taking time away from his assigned duties in order to do so, and continuing such misconduct after he had been warned against same, thereby violating company discipline and resulting in disturbances to fellow employees and interruption of defendant's operations; being insubordinate and dis-

obedient to the directions of the defendant; and dishonesty and loafing on the job."

When defendant made its report to the Michigan unemployment compensation commission, it certified that Leadon was discharged because of "no work."

The case was tried before a jury which rendered a verdict for the defendant. The trial judge filed an opinion in ordering the denial of plaintiff's motion for a new trial.

We agree with the trial judge that the verdict was not against the great weight of the evidence, that the court did not err in its charge, and that the issues were fairly presented to the jury.

Appellant also argues that the verdict of the jury is contrary to law. This argument is based on the representations made by the president of the defendant company, in answer to the request of the Michigan unemployment compensation commission; and it is insisted that the statement that Leadon was discharged because of "no work" is binding on the employer and establishes, as a matter of law, that plaintiff's decedent was laid off and not discharged, and, therefore, his estate is entitled to damages. Appellant argues that this position is sound because, by reason of defendant's statement, the State of Michigan was defrauded of the amount of unemployment compensation paid to Leadon. The whole argument could be dismissed with the observation that the employer never stated that Leadon was laid off. The unequivocal statement is that he was "discharged," and that his services were then terminated. We add, however, that if the argument can be said to be based upon a judicial admission, the facts do not support such a contention. A judicial admission is one made in the course of a trial and on the record. See *Connor* v. *Lake Shore & Michigan*

*Southern Railway Co.,* 168 Mich 29, 34; and *Mitchell*
v. *Reolds Farms Co.,* 268 Mich 301, 307.

If plaintiff is relying upon rights arising out of
the contract between the local union, of which he
was a member, and the employer, it is enough to
say that he never pursued the remedies afforded him
under that contract. See *Hartley* v. *Brotherhood of
Railway and Steamship Clerks, Freight Handlers,
Express and Station Employees,* 283 Mich 201; *Mayo*
v. *Great Lakes Greyhound. Lines,* 333 Mich 205;
*Zdero* v. *Briggs Manufacturing Co.,* 338 Mich 549.

There being no reversible error, and the verdict
being supported by the testimony, the judgment is
affirmed, with costs to appellee.

BUTZEL, C. J., and CARR, SHARPE, BOYLES, REID,
DETHMERS, and KELLY, JJ., concurred.