TOZER v. KERR.

1. AUTOMOBILES — NEGLIGENCE — LEFT  TURN — EVIDENCE — SPEED — CONTROL.

Conflicting testimony as to manner in which collision at dusk between westbound appellant's car in which plaintiff was riding on 4-lane highway and car of other defendant who made a left turn in front of appellant presented a question for the jury and sustained jury's verdict for plaintiff on questions as to whether appellant had negligently failed to maintain a reasonable and proper lookout ahead, had travelled at an unreasonable and improper speed under all the circumstances then and there existing or had failed to keep his car under reasonable control.

2. EVIDENCE—ADMISSIONS.

A judicial admission, made intelligently and with deliberation, establishes the fact with reference to which it is made, and the jury must accept it as so established.

3. SAME—ADMISSIONS BY ATTORNEYS.

Admissions of attorneys of record bind their clients in all matters relating to the progress and trial of the cause, but to be effective they must be distinct and formal, or such as are termed solemn admissions, made for the express purpose of alleviating the stringency of some rule of practice, or of dispensing with the formal proof of some fact at the trial.

4. SAME—ADMISSIONS—CONCLUSIONS OR OPINIONS.

Plaintiff's testimony that appellant, driver of the car in which she was riding when injured as it collided with other defend-

REFERENCES FOR POINTS IN HEADNOTES

[1] 5 Am Jur, Automobiles § 165 et seq.
[2, 4] 20 Am Jur, Evidence § 557.
[3] 20 Am Jur, Evidence § 592.
[4] 20 Am Jur, Evidence § 548.
[5] 30 Am Jur, Judgments § 52 et seq.
[6] 15 Am Jur, Damages § 89.
[7] 15 Am Jur, Damages § 379.

ant's car, "was minding his business. He was driving all right * * * driving carefully at that time" did not constitute a judicial admission, it being merely testimony of plaintiff concerning her opinions or conclusions and not the facts upon which they were based.

5. TRIAL—MOTION FOR JUDGMENT NON OBSTANTE VEREDICTO—OPINIONS INCONSISTENT WITH FACTS.

Rule that testimony must be viewed in the light most favorable to plaintiff in passing upon a defendant's motion for judgment *non obstante veredicto* is not inapplicable merely because plaintiff expressed opinions inconsistent with the facts which support a verdict in her favor.

6. DAMAGES—NEGLIGENCE—LOSS OF EARNINGS—EVIDENCE—INSTRUCTIONS.

A plaintiff is entitled to recover for loss of earnings shown to have resulted from a defendant's negligence, but if no such loss is shown there would be no occasion for an instruction to that effect.

7. APPEAL AND ERROR—HARMLESS ERROR—LOSS OF EARNINGS—INSTRUCTION—ARGUMENT TO JURY.

Instruction as to plaintiff's loss of earnings constituted, at most, harmless error, where there was no supporting testimony, counsel for plaintiff in opening argument told jury that he had made no showing of such loss and claimed nothing in that respect, and counsel at close of instructions, in effect, indicated they were satisfied with the instructions given.

Appeal from Wayne; Webster (Arthur), J. Submitted January 6, 1955. (Docket No. 50, Calendar No. 46,224.) Decided March 9, 1955.

Case by Clara M. Tozer against George W. Kerr and Harvey W. Moelke for injuries sustained in automobile accident. Verdict and judgment for plaintiff. Defendant Moelke appeals. Affirmed.

*Jones & Glabach* (*Frank C. Glabach,* of counsel), for plaintiff.

*William J. Eggenberger,* for defendant Moelke.

Dethmers, J. Plaintiff sued for damages occasioned by injuries sustained in a collision between the automobiles of defendants Kerr and Moelke while a passenger in the latter. The guest act* is not involved. A jury returned a verdict in her favor for $10,000 against both defendants. From judgment thereon and orders denying his motions for judgment *non obstante veredicto* and new trial defendant Moelke appeals, contending (1) that the verdict is against the great weight of the evidence in that plaintiff failed to show negligence on his part, (2) that, on trial, she made a judicial admission exonerating him of all charges of negligence, and (3) that the court erred in instructing the jury that plaintiff might recover for loss of earnings after her counsel had told the jury, in argument, that she was making no claim therefor because of the difficulty of showing what she might have earned spasmodically as a baby sitter.

Was the verdict against the great weight of the evidence? Defendant Moelke was driving west on the north half of a 4-lane highway, approaching an intersection, at dusk. The pavement was dry, the weather clear and visibility good. Defendant Kerr was driving east on the south half of that highway, approaching the same intersection from the west. There are no proofs as to applicable speed limit. Moelke testified that he was proceeding at a speed of about 40 miles per hour and that when he was 50 or 60 feet from the intersection defendant Kerr suddenly made a left turn in front of him; that he attempted to stop but was unable to do so before the front of his car struck the right side of the Kerr car. Defendant Kerr testified that his lights were on; that before turning he had stopped in the northerly lane of the south half of the intersection; that

---

* See PA 1949, No 300, § 401 (Stat Ann 1952 Rev § 9.2101).—Reporter.

when he saw Moelke's car 150 feet distant he concluded that he could safely cross in front of it and proceeded to do so at a speed of about 4 miles per hour; that he thought Moelke was driving quite fast; that his car was struck when it was halfway between the center of the highway and the north lane. A disinterested witness, who had been standing nearby, testified that Kerr's car had stopped for 4 or 5 seconds before crossing onto the north half of the pavement, that at that time Moelke's car was 150 feet east of the intersection, and that after the collision the cars bounced apart and the Kerr car was spun around, making 6 complete revolutions. Such testimony and the inferences which might properly be drawn therefrom were sufficient to give rise to a jury question as to whether defendant Moelke had negligently failed to maintain a reasonable and proper lookout ahead, had travelled at an unreasonable and improper speed under all the circumstances then and there existing, or had failed to keep his car under reasonable control. For a case presenting similar facts in which it was so held, see *Barnum* v. *Berk,* 256 Mich 363. Moelke's version and that of Kerr and the disinterested witness were in conflict. A jury finding, evidently based on acceptance of the latter, that Moelke was guilty of negligence, as a matter of fact, cannot be said to be against the great weight of the evidence, even considering the hereinafter noted testimony of plaintiff.

The claimed judicial admission exonerating defendant Moelke consisted of plaintiff's testimony as follows:

"Mr. Moelke was minding his business. He was driving all right, I noticed. * * *

"He was minding his business. * * *

"*Q.* Was Mr. Moelke driving carefully at that time?

"*A.* Oh, yes.   He is a careful driver."

She also testified that she had been sitting in the back seat, that she had been looking at the store windows and enjoying the scenery, that she did not know whether defendant Moelke had turned around to face and talk to her nor anything about how fast he was driving, that she had not seen the Kerr car at all, and that she did not know what either of the drivers had been doing prior to or how the accident occurred. Cited on the subject of judicial admissions are *Connor* v. *Lake Shore & Michigan Southern R. Co.*, 168 Mich 29; and *Leadon* v. *Detroit Lumber Co.*, 340 Mich 74. In *Leadon* it was held that a representation made by an employer in response to an inquiry by the Michigan unemployment compensation commission did not constitute a judicial admission because not made in the course of a trial and on the record. In *Connor* this Court, in holding that under the circumstances of that case the plaintiff might not, on second trial, take a position inconsistent with that taken by him at the former trial, discussed judicial admissions, saying (p 34):

"Admissions stand upon a different footing from that held by mere testimony. The jury hears the testimony, weighs it, and believes it or not, as the case may be, but a judicial admission made intelligently and with deliberation establishes the fact with reference to which it is made, and the jury must accept it as so established. 1 Greenleaf on Evidence, § 186, states the rule as follows:

" 'The admissions of attorneys of record bind their clients, in all matters relating to the progress and trial of the cause. But, to this end, they must be distinct and formal, or such as are termed solemn admissions, made for the express purpose of alleviating the stringency of some rule of practice, or of dispensing with the formal proof of some fact at the trial. In such cases, they are in general con-

clusive, and may be given in evidence, even upon a new trial'—citing cases."

In that case this Court referred to the statement in *Pelton* v. *Schmidt,* 104 Mich 345, 347 (53 Am St Rep 462): "If parties change their testimony, the jury may properly consider the fact, but it is not for this Court to say that a party must stand or fall by his former testimony, where there is any legitimate opportunity for a change in the testimony." Although it was said that that was not in harmony with the earlier decisions, nevertheless, in the more recent case of *Mitchell* v. *Reolds Farms Co.,* 268 Mich 301, this Court held that the plaintiff's admission on former trial that 4 houses had been settled for did not bar his right to recover the proceeds therefrom on the basis of changed testimony, on the second trial, that but 1 of the houses had been settled for, it being shown that the former admission was inadvertently made. To borrow from the language in *Connor,* what is involved at bar is "mere testimony" of plaintiff concerning her opinions or conclusions and not the facts upon which they were based. We have here no formal admission of a fact, as in *Connor,* "made for the express purpose of alleviating the stringency of some rule of practice, or of dispensing with the formal proof of some fact at the trial," which, as stated in *Connor,* would "stand upon a different footing from that held by mere testimony." There was no judicial admission of fact requiring that we discard the usual rule applicable to defendant Moelke's motion for judgment *non obstante veredicto* that the testimony must be viewed in the light most favorable to plaintiff. That rule is followed even when there are inconsistencies or contradictory statements in the testimony of plaintiff or her witnesses. *Yampolsky* v. *Smith,* 320 Mich 647; *White* v. *Herpolsheimer Co.,* 327 Mich 462 (26 ALR2d 667); *Staunton* v. *City of Detroit,* 329 Mich

516; *Knoellinger* v. *Hensler*, 331 Mich 197; *Knoor* v. *Borr*, 334 Mich 30. Certainly the rule is not inapplicable merely because of her expression of opinions inconsistent with testimony of facts which support a verdict in her favor. It is evident from the quoted portions of plaintiff's testimony that she did not know the facts about defendant Moelke's driving or how the accident happened. Even though it be considered contradictory of or inconsistent with her expression of opinion, she is entitled to the benefit of the testimony as to facts of defendant Kerr and the disinterested witness and to have it construed in the light most favorable to her. So considered, it afforded a sufficient basis for the drawing of inferences of negligence on defendant Moelke's part. While the proofs were not sufficient to justify a holding that he was guilty of negligence as a matter of law, they do not permit a holding that he was, as a matter of law, free from negligence. A jury question of fact was presented as to whether he was negligent in any of the particulars hereinbefore mentioned. *Spiers* v. *Martin*, 336 Mich 613. His motions for directed verdict and judgment *non obstante veredicto* were properly denied.

A plaintiff is entitled to recover for loss of earnings shown to have resulted from a defendant's negligence. To so charge a jury would not be error. If no such loss is shown, there is, of course, no occasion for the instruction. However, when counsel for plaintiff told the jury in his opening argument that he had made no showing of such loss and claimed nothing in that respect, the subsequent instruction on that subject amounted, at most, to harmless error. While there is quibbling about the true import of colloquy between court and counsel at the conclusion of the instructions, we think it amounted to an inquiry by the court as to whether counsel were satisfied with the instructions and an indication by

them that they were. There is no occasion for complaint now.

Affirmed, with costs to plaintiff.

C<span>ARR</span>, C. J., and B<span>UTZEL</span>, S<span>MITH</span>, S<span>HARPE</span>, B<span>OYLES</span>, R<span>EID</span>, and K<span>ELLY</span>, JJ., concurred.