OWENDALE-GAGETOWN SCHOOL DISTRICT v STATE BOARD
OF EDUCATION

Docket No. 43960. Submitted August 27, 1979, at Detroit.—Decided
October 1, 1979. Leave to appeal applied for.

In 1975, Keith J. Goslin and other residents of the Owendale-
Gagetown School District petitioned the Huron and Tuscola
Intermediate Boards of Education seeking to have certain
property transferred to the Cass City School District. The
petition was denied by the intermediate boards. The State
Board of Education reversed that denial and approved the
transfer in an order dated May 19, 1976.

Subsequently, plaintiff Owendale-Gagetown School District
brought an action in Ingham Circuit Court against the State
Board of Education alleging, *inter alia,* that the property
transfer, when combined with other property already transfer-
red out of the district, exceeded 10% of the latest available
taxable valuation of the district and, therefore, a vote of the
people of the plaintiff district was required to effectuate the
transfer in question. The circuit court, James T. Kallman, J.,
reversed the ruling of the State Board of Education, holding
that the 10% statutory requirement is cumulative. The defen-
dant appealed. In an unpublished per curiam opinion (Docket
No. 29768, released August 15, 1977), the Court of Appeals
reversed the circuit court on the limited ground that the
plaintiff school district lacked standing to raise the question of
whether its residents were entitled to vote on the property
transfer in question. The plaintiff sought leave to appeal to the
Michigan Supreme Court, which was denied. 401 Mich 818
(1977). Plaintiff thereafter moved for a rehearing, which was
treated as a motion for reconsideration. The motion was denied.
402 Mich 841 (1977). The plaintiff petitioned the United States
Supreme Court for a writ of certiorari. The petition was denied.
436 US 906; 98 S Ct 2237; 56 L Ed 2d 404 (1978).

On October 11, 1978, the circuit court granted the plaintiff's

REFERENCES FOR POINTS IN HEADNOTES
[1] 20 Am Jur 2d, Courts § 189.
[2] 73 Am Jur 2d, Statutes § 194.
[3] 68 Am Jur 2d, Schools § 67.

motion to add Ronald Erickson and other electors of the district as parties plaintiff. On February 6, 1978, the circuit court granted a motion by Keith J. Goslin and others to intervene as parties defendant. On October 11, 1978, the trial court issued an opinion, but never entered an order, remanding the cause to the State Board of Education for further proceedings consistent with the circuit court's 1976 opinion.

On January 11, 1979, the defendant State Board of Education moved to vacate the trial court's 1978 opinion and to vacate stays of judicial proceedings. Subsequently, the trial court issued its opinion acting on the defendant's motion to quash the 1978 opinion of the trial court. In this last opinion, the trial court incorporated its two previous opinions and, in effect, held that the parcels of land owned by Keith J. Goslin and others remained in the Owendale-Gagetown School District. An order was entered in conformance with this latter opinion. The defendant State Board of Education appeals. The issue is whether a vote of the residents of a school district is required to effectuate a transfer of property to another district where the value of the property in question does not exceed 10% of the taxable valuation of the entire school district but the aggregate value of property previously transferred and that sought to be transferred does exceed 10%. *Held:*

The unambiguous language of the statute in question refers to "the area to be detached". This language has reference only to the property of the petitioning landowners. It cannot properly be read to include property which previously had been detached from the district pursuant to other petitions. The lower court erred in cumulating the value of the prior transfers and in utilizing that sum to trigger the popular vote requirement of the statute.

Reversed.

1. Courts — Michigan Supreme Court — Case Precedent — Reasons for Denial of Leave to Appeal — Court Rules.

The reasons for denial of leave to appeal by the Michigan Supreme Court are not to be regarded as precedent in any of the courts of the state (GCR 1963, 904[4]).

2. Statutes — Construction of Statutes — Unambiguous Statutes.

The bare reading of a statute suffices and no interpretation is necessary where the language employed in the statute is plain, certain and unambiguous.

3. SCHOOLS AND SCHOOL DISTRICTS — TRANSFER OF PROPERTY — STAT-
    UTES.

   The statute controlling the transferring of territory from one
   school district to another requires that the action of the board
   directing a detachment of territory must be approved by an
   affirmative vote of the majority of the school tax electors of
   that district, voting thereon, "whenever the latest available
   taxable valuation of the area to be detached is more than 10%
   of the latest available taxable valuation of the entire school
   district from which it is to be detached"; the statutory refer-
   ence to "the area to be detached" refers only to the property
   being detached·at a given time and cannot properly be read to
   include property which previously has been detached from the
   district pursuant to other petitions (MCL 340.461; MSA
   15.3461).

*James F. Schouman* and *Mark W. Chessman,* for
plaintiffs.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, and *Gerald F.
Young* and *Charles F. Keeley,* Assistants Attorney
General, for defendant.

Before: J. H. GILLIS, P.J., and R. B. BURNS and
N. J. KAUFMAN, JJ.

J. H. GILLIS, P.J. This case involves the transfer
of property between two school districts on the
petition of resident landowners. The State Board
of Education appeals as of right from a February
16, 1979, order of the Ingham County Circuit
Court reversing a May 19, 1976, order of the Board
which had approved the transfer of certain prop-
erty in the Owendale-Gagetown School District to
the Cass City School District.

Early in 1975, the intervening defendants, resi-
dents of the Owendale-Gagetown School District,
petitioned the Huron and Tuscola Intermediate
Boards of Education pursuant to the School Code

of 1955, MCL 340.1 *et seq.;* MSA 15.3001 *et seq.,*[1] seeking to have their property transferred to the Cass City School District. The petition was denied by the intermediate boards on May 11, 1975. The State Board reversed that denial and approved the transfer in an order dated May 19, 1976.

On June 18, 1976, the plaintiff commenced suit against the State Board in Ingham County Circuit Court alleging, *inter alia,* that the property transfer was in violation of MCL 340.461; MSA 15.3461, presently MCL 380.951; MSA 15.4951. The school district charged that the petitioner's property, when combined with other property already transferred out of the district, exceeded 10% of the latest available taxable valuation of the district. It was argued that a vote of the people was required to effectuate the transfer in question pursuant to the above statute.

In an opinion dated August 2, 1976, the Ingham Circuit Court reversed the State Board's order, holding that the 10% requirement is cumulative; that is, the value of all property previously transferred out of the district as well as that sought to be transferred must be considered. If that sum exceeds 10% of the latest assessed valuation of the entire school district a popular vote is required to properly effect the transfer.

The State Board appealed that decision as of right. In an unpublished per curiam opinion, this Court reversed the lower court on the limited ground that the school district lacked standing to raise the question of whether its residents were entitled to vote on the property transfer in question. *Owendale-Gagetown School District v State Board of Education,* (Docket No. 29768, decided

[1] Repealed by the School Code of 1976, effective January 1, 1977. 1976 PA 451, MCL 380.1 *et seq.;* MSA 15.4001 *et seq.*

August 15, 1977 [unreported]). The Court did not decide the propriety of the circuit court's ruling.

Plaintiff sought leave to appeal to the Supreme Court, which was denied. 401 Mich 818 (1977). Plaintiff thereafter moved for rehearing, which was treated as a motion for reconsideration. The motion was denied. 402 Mich 841 (1977). The order denying the motion addressed the issue left undecided by this Court:

"MCL 340.461; MSA 15.3461 provides for a vote of the school tax electors on a transfer only when 'the latest available taxable valuation of the area to be detached is more than 10% of the latest available taxable valuation of the entire school district from which it is to be detached.' The record discloses that the latest available tax valuation of the area to be detached in this case is less than 10% of the Owendale-Gagetown School District as constituted at the time of the State Board of Education decision." 402 Mich at 842.

On March 21, 1978, plaintiff school district petitioned the United States Supreme Court for a writ of certiorari. The petition was denied on May 15, 1978. 436 US 906; 98 S Ct 2237; 56 L Ed 2d 404 (1978).

On October 11, 1978, the circuit court granted a motion by the district to add several electors of the district as parties plaintiff. On February 6, 1978, the trial court granted a motion by Keith Goslin and others to intervene as parties defendant. On October 11, 1978, the court issued an opinion, but never entered an order, that the cause should be remanded to the State Board of Education for further proceedings consistent with its 1976 opinion.

On January 11, 1979, the State Board of Education moved to vacate the trial court's opinion of

October 11, 1978, and to vacate stays of judicial proceedings and stays of property transfers.

On February 14, 1979, the trial court issued its opinion acting on defendant-appellant's motion to quash its earlier opinion of October 11, 1978. In this last opinion the court incorporated its two previous opinions of August 2, 1976, and October 11, 1978, and, in effect, held that the Keith Goslin, et al., parcels of land remained in Owendale-Gagetown School District. On February 16, 1979, an order was entered in conformance with this latter opinion.

MCL 340.461; MSA 15.3461 provides:

"The county board of education may, in its discretion, detach territory from 1 district and attach it to another when requested to do so by resolution of the board of any district whose boundaries would be changed by such action, or when petitioned by not less than 2/3 of the resident owners of the land to be transferred. The county board of education shall take final action in regard to the resolution or petition within a period of 60 days of the receipt of the resolution or petition. Only territory contiguous to a district may be transferred. *Whenever the latest available taxable valuation of the area to be detached is more than 10% of the latest available taxable valuation of the entire school district from which it is to be detached,* the action of the county board of education directing such detachment shall not be valid unless approved, at an annual or special election called for that purpose in the district from which the detachment is to be made, by an affirmative vote of a majority of the school tax electors of the district, voting thereon." (Emphasis supplied.)

The issue presented is whether the statute requires a vote of the residents of a school district to effectuate a transfer of property to another district where the value of the property in question does not exceed 10% of the taxable valuation of the entire school district but the aggregate value of

property previously transferred and that sought to be transferred does exceed 10%. We find that it does not.

Initially, we note that the question is not controlled by the Supreme Court's order denying plaintiff's motion for reconsideration. Reasons for denial of leave to appeal are not to be regarded as precedent in any of the courts of this state. GCR 1963, 904(4).

If the language employed in a statute is plain, certain and unambiguous, a bare reading suffices and no interpretation is necessary. *Dussia v Monroe County Employees Retirement System,* 386 Mich 244, 248; 191 NW2d 307 (1971).

The unambiguous language of the statute refers to "the area to be detached". This language has reference only to the property of the petitioning landowners. It cannot properly be read to include property which previously has been detached from the district pursuant to other petitions. The lower court erred in cumulating the value of the prior transfers and in utilizing that sum to trigger the popular vote requirement of the statute.

The value of the property in question being less than 10% of the latest available taxable valuation of the entire school district, the State Board properly ordered detachment absent an affirmative vote of majority of the school tax electors of the plaintiff school district.

Plaintiff also argues that the action of the State Board was arbitrary and capricious and therefore constituted an abuse of discretion. This issue will not be considered on this appeal; it was held abandoned on the previous appeal to this Court. *Owendale-Gagetown School District v State Board of Education,* (Docket No. 29768, decided August 15, 1977 [unreported]), fn 2.

Reversed. No costs, a public question being involved.