CLINK v STEINER

Docket No. 94677. Submitted June 2, 1987, at Grand Rapids. Decided June 29, 1987.

David L. Clink slipped and fell on a driveway belonging to Karl and Olive Steiner while Clink was delivering newspapers. The accident occurred at approximately 4:00 A.M. and the driveway was covered by frozen runoff from nearby snow accumulations. The snow had been cleared off the driveway, but no salt, sand, or other abrasive was used on the driveway. Clink filed suit against the Steiners in Emmet.Circuit Court alleging that the Steiners were negligent in maintaining their driveway. Defendants moved for summary disposition on the ground that there was no genuine issue as to the fact that any snow or ice on the driveway was "natural accumulation" and that they had no duty to prevent injuries resulting from natural accumulations of snow or ice and therefore were entitled to judgment as a matter of law. The court, Richard M. Pajtas, J., granted defendants' motion for summary disposition. Plaintiff appealed.

The Court of Appeals *held:*

1. Landowners have a duty to take reasonable measures within a reasonable time after the accumulation of snow to diminish the hazard of injury to an invitee.

2. The specific standard of care, i.e., whether salt or sand should have been used in addition to shoveling, is a question of fact for the jury.

3. The trial court erred in holding that defendants had no duty to protect plaintiff from injuries flowing from natural accumulations of ice and snow.

Reversed.

1. APPEAL — DENIAL OF LEAVE TO APPEAL — PRECEDENTIAL VALUE.

A denial of an application for leave to appeal has no precedential value in and of itself (MCR 7.321).

REFERENCES

Am Jur 2d, Appeal and Error §§ 309 *et seq.*; 916 *et seq.*

Am Jur 2d, Negligence §§ 153 *et seq.*

Comment Note.—Forseeability as an element of negligence and proximate cause. 100 ALR2d 942.

2. NEGLIGENCE — PROPERTY OWNERS — BUSINESS INVITEES — SNOW
      AND ICE.
      Landowners have a duty to take reasonable measures within a
      reasonable time after the accumulation of snow to diminish the
      hazard of injury to an invitee.

3. NEGLIGENCE — PROPERTY OWNERS — BUSINESS INVITEES — SNOW
      AND ICE — STANDARD OF CARE.
      The specific standard of care required of a landowner in diminish-
      ing the hazard of injury to an invitee following a snowfall is a
      question of fact for the jury.

*Stroup, Mulhauser, Johnson & Tresidder, P.C.*
(by *Stephen J. Tresidder*), for plaintiff.

*Bensinger, Combs & Cotant, P.C.* (by *Michael D. Combs*), for defendants.

Before: BEASLEY, P.J., and R. M. MAHER and
M. E. DODGE,* JJ.

PER CURIAM. Plaintiff appeals as of right from
the July 7, 1986, order of summary disposition
pursuant to MCR 2.116(C)(10) granted to defen-
dants by the Emmet Circuit Court on plaintiff's
negligence claim.

The facts, as set forth in the pleadings, deposi-
tions, and affidavits are as follows. Plaintiff is a
Detroit Free Press deliveryman in Petoskey, Mich-
igan. At approximately 4:00 A.M. on March 9,
1985, plaintiff went to the home of defendants,
located at 1116 East Mitchell Street in the City of
Petoskey, for the purpose of delivering the morn-
ing newspaper. Snow was piled on their lawn, but
defendants' driveway had been cleared. The light-
ing in the area was poor. Plaintiff slipped and fell
while walking on defendants' driveway, breaking
his leg. After he fell, plaintiff noticed that runoff
had frozen on the driveway. There was no salt,

---

* Circuit judge, sitting on the Court of Appeals by assignment.

sand, or other abrasive covering the frozen surface of the driveway.

Plaintiff filed a complaint on September 30, 1985, alleging that defendants were negligent in maintaining their driveway. On June 17, 1986, defendants filed a motion for summary disposition pursuant to MCR 2.116(C)(10). Defendants argued that there was no genuine issue as to the fact that any snow or ice on the driveway was "natural accumulation." Defendants further argued that a landowner has no duty to prevent injuries resulting from natural accumulations of snow or ice and that they were therefore entitled to judgment as a matter of law. The circuit court agreed and issued the order of summary disposition challenged in this appeal.

Our standard of review of orders for summary disposition under MCR 2.116(C)(10) is a familiar one:

> Summary judgment pursuant to GCR 1963, 117.2(3), now MCR 2.116(C)(10), is proper only if there is no genuine issue as to any material fact and the party in whose favor judgment is granted is entitled to judgment as a matter of law. A motion based on GCR 1963, 117.2(3) is designed to test the factual support for a claim. *Maccabees Mutual Life Ins Co v Dep't of Treasury,* 122 Mich App 660, 663; 332 NW2d 561 (1983), lv den 417 Mich 1100.15 (1983). The court must consider the pleadings, affidavits, and other available evidence and be satisfied that the claim or position asserted cannot be supported by evidence at trial because of some deficiency which cannot be overcome. *Id.* The court must give the benefit of any reasonable doubt to the party opposing the motion and inferences are to be drawn in favor of that party. *Id.* [*Hagerl v Auto Club Group Ins Co,* 157 Mich App 684, 686-687; 403 NW2d 197 (1987).]

Defendants argue that summary disposition was

appropriate because plaintiff produced no evidence indicating that the ice or snow upon which he slipped was other than "natural accumulation." We agree that the evidence produced by plaintiff would establish no more than that the ice was a natural accumulation. However, we do not agree that defendants are thereby entitled to judgment as a matter of law.

*Creech v Consumers Power Co,* 59 Mich App 167; 229 NW2d 358 (1975), lv den 395 Mich 822 (1975), upon which defendants rely, does reaffirm the long-standing adherence of Michigan to the Massachusetts rule. The Massachusetts rule, as explained in *Creech,* is as follows:

> [T]he landowner has no duty to its invitees, either to warn of snow and ice accumulations or remove them or prevent them where the accumulations result solely from natural causes. It is only where the snow or ice accumulated because of a negligent affirmative act of the landowner, or where the landowner's act increases the danger from a natural accumulation, that the property owner may be held liable for an invitee's slip and fall. *Gillen v Martini,* 31 Mich App 685; 188 NW2d 43 (1971); *Quinlivan v The Great Atlantic & Pacific Tea Co, Inc,* 51 Mich App 242; 214 NW2d 911 (1974), *lv gtd,* 392 Mich 804 (1974); *Bard v Weathervane of Michigan,* 51 Mich App 329; 214 NW2d 709 (1974). [*Creech, supra,* 171.][1]

However, nine months after *Creech* was decided, our Supreme Court overruled *Quinlivan v The Great Atlantic & Pacific Tea Co, Inc,* 51 Mich App 242; 214 NW2d 911 (1974), rev'd 395 Mich 244 (1975), upon which *Creech* relied.

In *Quinlivan,* our Supreme Court noted that

---

[1] For the purpose of this appeal, it has not been disputed that plaintiff was an invitee. See *Doran v Combs,* 135 Mich App 492; 354 NW2d 804 (1984) (defining "invitee" and "licensee").

even Alaska had abrogated the Massachusetts rule. Our Supreme Court explained:

> In our view the Alaska Court has appropriately conceived the legal duty owed by the invitor to the invitee. As that Court found the basis for its decision rooted in pre-existing Alaska law, we find that the basis for our decision is grounded in cases such as *Torma* [*v Montgomery Ward & Co,* 336 Mich 468; 58 NW2d 149 (1953)], *supra,* which have recognized the rigorous duty owed an invitee. *To the extent pre-existing case law authority indicated that the natural accumulation rule applied in an invitor-invitee context, that authority is overruled.* For reasons adequately stated by the Alaska Court, we reject the prominently cited notion that ice and snow hazards are obvious to all and therefore may not give rise to liability. While the invitor is not an absolute insurer of the safety of the invitee, the invitor has a duty to exercise reasonable care to diminish the hazards of ice and snow accumulation. The general description of the duty owed appearing in the Restatement is a helpful exposition of the duty described in *Torma.* As such duty pertains to ice and snow accumulations, it will require that reasonable measures be taken within a reasonable time after an accumulation of ice and snow to diminish the hazard of injury to the invitee. The conduct of the invitee will often be relevant in the context of contributory negligence. [*Quinlivan v The Great Atlantic & Pacific Tea Co, Inc,* 395 Mich 244, 260-61; 235 NW2d 732 (1975). Emphasis added. Footnote omitted.]

Defendants make much of the fact that although this Court affirmed the order of summary judgment awarded to the *Creech* defendant, our Supreme Court denied leave to appeal on December 23, 1975, one month after the Supreme Court opinion in *Quinlivan.* We have not been apprised of our Supreme Court's reasons for denying leave

to appeal in *Creech* and are therefore reluctant to find that it holds any continuing vitality. On the other hand, we are well aware of the long-standing rule that a denial of an application for leave to appeal has no precedential value in and of itself. *Owendale-Gagetown School Dist v State Bd of Ed,* 92 Mich App 719, 725; 285 NW2d 435 (1979), aff'd 413 Mich 1; 317 NW2d 529 (1982). MCR 7.321. Based upon that rule and the express intent of the Supreme Court in *Quinlivan,* we reject the notion that the Massachusetts rule, as expressed in *Creech,* has any continuing force in Michigan.

Since our Supreme Court's opinion in *Quinlivan,* this Court has occasionally cited *Creech.* See, e.g., *Woodworth v Brenner,* 69 Mich App 277; 244 NW2d 446 (1976); *Elam v Marine,* 116 Mich App 140; 321 NW2d 870 (1982). However, those cases address the liability of a landowner for injuries caused by natural accumulations of ice or snow *on abutting public sidewalks.* Our Supreme Court expressly reserved judgment on that issue in *Quinlivan. Quinlivan, supra,* 256.

Here, on the other hand, the evidence construed most favorably toward the plaintiff establishes that plaintiff fell on defendants' driveway. Thus, in our view this case is instead controlled by *Lundy v Groty,* 141 Mich App 757; 367 NW2d 448 (1985). The *Lundy* plaintiff also slipped and fell on the defendant's snow-covered driveway when she arrived at the home to provide a business service.[2] Noting that the snow was natural accumulation and noting further that it had not yet stopped snowing, the trial court held that the defendant had no duty toward the plaintiff. We reversed, explaining that *Quinlivan* established a duty on

[2] The *Lundy* plaintiff was the defendant's housekeeper. *Lundy, supra,* 759.

the part of landowners to take reasonable measures within a reasonable time after the accumulation of snow to diminish the hazard of injury to an invitee. *Lundy, supra,* 760. We further explained that the specific standard of care, i.e., whether salt or sand should have been used in addition to shoveling, was a question of fact for the jury. *Lundy, supra.*

We conclude that the trial court erred in holding that defendants at bar had no duty to protect plaintiff from injuries flowing from natural accumulations of ice and snow. Moreover, even if it is established that defendants shoveled their driveway adequately, a jury question remains as to whether defendants adequately salted or sanded the surface. Summary disposition was improperly granted to defendants.

Reversed.