TALLMAN v MARKSTROM

Docket No. 107613. Submitted April 13, 1989, at Grand Rapids. Decided September 6, 1989.

Virginia Tallman, next friend for Nicholas A. Tallman, brought an action in the Cheboygan Circuit Court after Nicholas suffered injury while operating a table saw during a woodworking class at Cheboygan High School taught by defendant, James Markstrom. Plaintiff claimed defendant was negligent in permitting Nicholas' use of a table saw unequipped with guards or safety devices. Defendant moved for summary disposition claiming governmental immunity as a bar to the action. The trial court, Robert C. Livo, J., granted defendant's motion, ruling that plaintiff failed to plead gross negligence in avoidance of governmental immunity, but allowed plaintiff to file an amended complaint. Following receipt of plaintiff's second amended complaint, the trial court again granted defendant summary disposition and dismissed plaintiff's suit for failure to state a cause of action for gross negligence. Plaintiff appealed.

The Court of Appeals *held:*

Plaintiff's second amended complaint alleged sufficient conduct to support a claim of gross negligence in avoidance of governmental immunity. The reasonableness of defendant's conduct under the applicable standard of conduct is a question for the factfinder, not the court. The trial court erred in finding that plaintiff, as a matter of law, failed to plead sufficient facts in avoidance of governmental immunity. The trial court improperly relied on the omissive nature of defendant's actions as negating a finding of gross negligence.

Reversed.

HOLBROOK, JR., J., concurred in the result only.

1. GOVERNMENTAL IMMUNITY — GROSS NEGLIGENCE.

"Gross negligence" as used in the governmental immunity statute

REFERENCES

Am Jur 2d, Municipal, County, School, and State Tort Liability §§ 42 *et seq.*, 518 *et seq.*; Negligence §§ 22, 23.

Modern status of doctrine of sovereign immunity as applied to public schools and institutions of higher learning. 33 ALR3d 703.

means conduct so reckless as to demonstrate a substantial lack of concern for whether an injury results (MCL 691.1407[2][c]; MSA 3.996[107][2][c]).

2. NEGLIGENCE — STANDARD OF CONDUCT.

Once a standard of conduct is established, the reasonableness of an actor's conduct under that standard is generally a question for the factfinder, not the court.

*Sumpter & Perry, P.C.* (by *Thomas E. McDonald*), for plaintiff.

*Bensinger, Combs & Cotant, P.C.* (by *Michael D. Combs* and *James F. Pagels*), for defendant.

Before: SHEPHERD, P.J., and HOLBROOK, JR., and McDONALD, JJ.

PER CURIAM. Plaintiff appeals as of right from a February 29, 1988, order granting summary disposition in favor of defendant pursuant to MCR 2.116(C)(7). We reverse.

Nicholas Tallman suffered injury to his right hand while operating a table saw during defendant's woodworking class at Cheboygan High School. Plaintiff, next friend for Tallman, thereafter filed the instant action claiming defendant was negligent in permitting Tallman's use of a table saw unequipped with guards or safety devices. Defendant moved for summary disposition claiming governmental immunity as a bar to plaintiff's suit. The trial court granted defendant's motion, ruling plaintiff failed to plead gross negligence in avoidance of governmental immunity, but allowed plaintiff the opportunity to file an amended complaint. Following receipt of plaintiff's second amended complaint, defendant again moved for summary disposition. The trial court dismissed plaintiff's suit for failure to state a cause of action for gross negligence and denied plaintiff's March 4, 1988, motion for reconsideration or new trial.

On appeal plaintiff contends the trial court erred in granting defendant's motion for summary disposition, claiming the question whether defendant's conduct constitutes "gross negligence" within the meaning of the statute, MCL 691.1407; MSA 3.996(107), is a factual question to be determined by a jury. We agree.

The pertinent subsection of the governmental immunity statute provides:

> Except as otherwise provided in this section, and without regard to the discretionary or ministerial nature of the conduct in question, each officer and employee of a governmental agency, each volunteer acting on behalf of a governmental agency, and each member of a board, council, commission, or statutorily created task force of a governmental agency shall be immune from tort liability for injuries to persons or damages to property caused by the officer, employee, or member while in the course of employment or service or volunteer while acting on behalf of a governmental agency if all of the following are met:
>
> (a) The officer, employee, member, or volunteer is acting or reasonably believes he or she is acting within the scope of his or her authority.
>
> (b) The governmental agency is engaged in the exercise or discharge of a governmental function.
>
> (c) The officer's, employee's, member's, or volunteer's conduct does not amount to gross negligence that is the proximate cause of the injury or damage. As used in this subdivision, *"gross negligence" means conduct so reckless as to demonstrate a substantial lack of concern for whether an injury results.* [Emphasis added. MCL 691.1407(2); MSA 3.996(107)(2).]

Plaintiff's second amended complaint pled in part:

12. That defendant breached the aforesaid duties

and was grossly negligent as defined by statute, to-wit: MCLA 691.1407, when he conducted himself in a manner so reckless as to demonstrate a substantial lack of concern for whether an injury would result in one, some, or all of the following particulars:

a. Allowed a table saw to be used by Nicholas A. Tallman when said saw was unequipped with adequate above table guarding and/or operator protective devices for the saw.

b. Failed to install or caused to be installed a blade guard and/or operator protective devices for the tilting arbor table saw that plaintiff and other highschool freshman had access to use.

c. Failed to restrict plaintiff Nicholas Tallman's use of a tilting arbor table saw that had no blade guard and/or other operator protective devices especially for the basic rip cutting of wood stock.

We believe plaintiff's second amended complaint alleged sufficient conduct to support a claim of gross negligence in avoidance of governmental immunity. Generally, once a standard of conduct is established, the reasonableness of an actor's conduct under the standard is a question for the factfinder, not the court. *Forche v Gieseler,* 174 Mich App 588; 436 NW2d 437 (1989); *Clink v Steiner,* 162 Mich App 551; 413 NW2d 45 (1987). The trial court therefore erred in finding plaintiff, as a matter of law, failed to plead sufficient facts in avoidance of governmental immunity. We also note as improper the trial court's reliance on the omissive nature of defendant's actions as negating a finding of gross negligence. The cases cited by the trial court in support of this proposition deal with intentional nuisance claims, not gross negligence as set forth in the instant statute.

Reversed.

HOLBROOK, JR., J., concurred in the result only.