VERMILYA v DUNHAM

Docket No. 128987. Submitted March 3, 1992, at Grand Rapids.
Decided July 20, 1992, at 9:05 A.M. Leave to appeal sought.

Harlan Vermilya, as conservator for his son, Matthew Vermilya,
a minor, brought an action in the Bay Circuit Court against
Dale Dunham, principal of Kolb Middle School, alleging that
the injuries that Matthew suffered when a soccer goal was
pushed over on him were a proximate result of the defendant's
failure to supervise the maintenance of the goal and control the
actions of students. The trial court, Eugene C. Penzien, J.,
granted the defendant's motion for summary disposition hold-
ing, on the pleaded facts, that no reasonable jury would find
that the defendant was guilty of gross negligence within the
meaning of the governmental immunity statute. The court
further awarded the defendant costs and attorney fees on the
basis that the plaintiff's action was frivolous. The plaintiff
appealed.

The Court of Appeals *held:*

1. The court correctly held that no reasonable jury would find
on the pleaded facts that the defendant's conduct was so
reckless as to demonstrate a substantial lack of concern for
whether an injury would result. Because there was no question
that the defendant was acting within the scope of his authority
while engaged in the exercise of a governmental function, the
trial court correctly granted summary disposition on the basis
of statutory governmental immunity.

2. The court properly found that at the time he filed this
action the plaintiff was aware that his allegations against the
defendant lacked merit and that, accordingly, the action was
frivolous. However, it was error to award as part of the sanc-
tions in this action costs and attorney fees attributable to a
separate action against the school.

Affirmed, but remanded for redetermination of costs.

REFERENCES
Am Jur 2d, Actions § 46; Damages § 616; Municipal, County, School,
and State Tort Liability §§ 42-45.
See the Index to Annotations under Governmental Immunity or
Privilege; Frivolous Action.

1. Gᴏᴠᴇʀɴᴍᴇɴᴛᴀʟ Iᴍᴍᴜɴɪᴛʏ — Gᴏᴠᴇʀɴᴍᴇɴᴛᴀʟ Eᴍᴘʟᴏʏᴇᴇs — Gʀᴏss
   Nᴇɢʟɪɢᴇɴᴄᴇ — Sᴜᴍᴍᴀʀʏ Dɪsᴘᴏsɪᴛɪᴏɴ.
   Summary disposition is properly granted to a governmental
   employee on the basis of statutory governmental immunity
   where it is uncontroverted that the employee was acting within
   the scope of authority while in the exercise or discharge of a
   governmental function and the court finds that, on the pleaded
   facts, reasonable minds could not conclude that the defendant's
   conduct had been so reckless as to demonstrate a substantial
   lack of concern for whether an injury would result (MCL
   691.1407; MSA 3.996[107]).

2. Aᴄᴛɪᴏɴs — Fʀɪᴠᴏʟᴏᴜs Aᴄᴛɪᴏɴs — Sᴀɴᴄᴛɪᴏɴs.
   Sanctions for the bringing of a frivolous action are warranted
   where the plaintiff, on the basis of a ruling in another action,
   has reason to believe that an action against the defendant
   would lack merit (MCL 600.2591; MSA 27A.2591).

*Sumpter & Perry, P.C.* (by *Thomas E. McDonald*), for the plaintiff.

*Braun, Kendrick, Finkbeiner, Schafer & Murphy* (by *Frank M. Quinn* and *J. Edmund Frost*), for the defendant.

Before: Dᴏᴄᴛᴏʀᴏꜰꜰ, C.J., and Mɪᴄʜᴀᴇʟ J. Kᴇʟʟʏ and R. B. Bᴜʀɴs,* JJ.

Dᴏᴄᴛᴏʀᴏꜰꜰ, C.J. Plaintiff appeals as of right the trial court's order granting summary disposition and awarding costs to defendant. Plaintiff argues that the trial court erred in ruling that defendant's conduct did not constitute gross negligence, that the award of costs was improper because the filing of the complaint was justified, and that the amount of costs awarded was excessive. We affirm the grant of summary disposition, reverse the award of costs, and remand for redetermination of costs.

On October 4, 1988, plaintiff's eleven-year-old son was injured when a steel soccer goal was

_____

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

pushed over on top of him at school. In November 1988, plaintiff filed an action against the school.[1] In May 1989, plaintiff moved to amend the complaint to add the students who tipped the goal over and the school's principal, Dale Dunham, as defendants. The trial court allowed the students to be added as defendants, but denied the motion to add Dunham.

Plaintiff filed this action against defendant Dunham on January 26, 1990. On February 26, 1990, defendant moved under MCR 2.116(C)(7) and (10) for summary disposition based on individual governmental immunity under MCL 691.1407(2); MSA 3.996(107)(2). The trial court granted defendant's motion, ruling that no reasonable juror could conclude that defendant "was so reckless as to demonstrate a substantial lack of concern."

Plaintiff first argues that the trial court erred in ruling that defendant's conduct did not constitute gross negligence.

A motion for summary disposition may be brought under MCR 2.116(C)(7) on the ground that a claim is barred by governmental immunity. The motion may be supported or opposed by affidavits, depositions, admissions, or other documentary evidence. MCR 2.116(G)(5); *Paterek v 6600 Limited,* 186 Mich App 445, 447; 465 NW2d 342 (1990). In deciding a motion for summary disposition under MCR 2.116(C)(7), the court reviews the plaintiff's complaint to see whether facts have been pleaded justifying a finding that recovery in a tort cause of action is not barred by governmental immunity. *Pawlak v Redox Corp,* 182 Mich App 758, 763; 453 NW2d 304 (1990).

MCL 691.1407; MSA 3.996(107) provides in relevant part:

---

[1] The school's motion for summary disposition was granted by the trial court. Plaintiff has appealed the trial court's ruling. That appeal is *Vermilya v Kolb Middle School,* Docket No. 134120.

(2) Except as otherwise provided in this section, and without regard to the discretionary or ministerial nature of the conduct in question, each . . . employee of a governmental agency . . . shall be immune from tort liability for injuries to persons or damages to property caused by the . . . employee . . . while in the course of employment or service . . . if all of the following are met:

(a) The . . . employee . . . is acting or reasonably believes he or she is acting within the scope of his or her authority.

(b) The governmental agency is engaged in the exercise or discharge of a governmental function.

(c) The . . . employee's . . . conduct does not amount to gross negligence that is the proximate cause of the injury or damage. As used in this subdivision, "gross negligence" means conduct so reckless as to demonstrate a substantial lack of concern for whether an injury results.

The first two elements are not at issue here. Plaintiff, relying on *Tallman v Markstrom,* 180 Mich App 141; 446 NW2d 618 (1989), argues that whether defendant's conduct amounted to gross negligence as defined by the statute is a question for the jury. In *Tallman,* this Court reversed a grant of summary disposition under MCR 2.116(C)(7) to the defendant, who taught a woodworking class during which Nicholas Tallman suffered injury while operating a table saw. The plaintiff, next friend of Nicholas, claimed the defendant was negligent in permitting Nicholas' use of a table saw unequipped with guards or safety devices. This Court held:

We believe plaintiff's second amended complaint alleged sufficient conduct to support a claim of gross negligence in avoidance of governmental immunity. Generally, once a standard of conduct is established, the reasonableness of an actor's conduct under the standard is a question for the

factfinder, not the court. *Forche v Gieseler,* 174
Mich App 588; 436 NW2d 437 (1989); *Clink v
Steiner,* 162 Mich App 551; 413 NW2d 45 (1987).
The trial court therefore erred in finding plaintiff,
as a matter of law, failed to plead sufficient facts
in avoidance of governmental immunity. [180 Mich
App 144.]

We reject the suggestion that *Tallman* precludes
a grant of summary disposition in every case in
which a plaintiff alleges that negligent conduct by
a defendant government employee resulted in in-
jury. The more appropriate view is that summary
disposition is precluded in cases in which reason-
able jurors could honestly have reached different
conclusions with regard to whether the defen-
dant's conduct amounted to gross negligence. How-
ever, if, on the basis of the evidence presented,
reasonable minds could not differ, then the motion
for summary disposition should be granted. *Cf.,
Vsetula v Whitmyer,* 187 Mich App 675, 682; 468
NW2d 53 (1991) (where reasonable minds could
not differ, the trial court may decide the issue of
proximate cause as a matter of law).

After reviewing the record, we agree with the
trial court that the undisputed facts in this case
preclude a finding that defendant's conduct
amounted to gross negligence. Defendant became
aware that the goals could be tipped over approxi-
mately one to two weeks before plaintiff's son was
injured. He then asked his maintenance supervisor
to determine how the goals could be anchored,
checked with the maintenance supervisor on his
progress, made announcements in school instruct-
ing the children to stay off the goals, and disci-
plined students for climbing the goals. The trial
court properly granted defendant's motion for
summary disposition.

Next, plaintiff claims that the award of costs

was improper. Plaintiff argues that the complaint was not frivolous.

A trial court's finding with regard to whether a claim or defense was frivolous will not be disturbed on appeal unless the finding is clearly erroneous. *State Farm Fire & Casualty Co v Johnson,* 187 Mich App 264, 268; 466 NW2d 287 (1991).

In awarding costs to defendant, the trial court stated that before this action had been filed it had denied plaintiff's motion to amend the complaint in the action against Kolb Middle School to add Dunham as a defendant because such an amendment would be futile. The trial court then stated that sanctions were warranted because, despite the trial court's earlier ruling, plaintiff filed this separate action against defendant. Upon review of the record, we conclude that the trial court was correct in finding that plaintiff knew of the lack of merit in his allegations against defendant when plaintiff's motion to amend the complaint in the action against Kolb Middle School was denied. Filing another action with essentially the same allegations was therefore frivolous.

Plaintiff also argues that the amount awarded was excessive.

MCL 600.2591; MSA 27A.2591, provides in relevant part:

> (1) Upon motion of any party, if a court finds that a civil action or defense to a civil action was frivolous, the court that conducts the civil action shall award to the prevailing party the costs and fees incurred by that party in connection with the civil action by assessing the costs and fees against the nonprevailing party and their attorney.
>
> (2) The amount of costs and fees awarded under this section shall include all reasonable costs actually incurred by the prevailing party and any costs

allowed by law or by court rule, including court
costs and reasonable attorney fees.

The trial court awarded defendant $4,454.68 in
costs and fees. The bill of costs submitted by
defendant includes approximately twenty-three
hours attributed to researching and drafting the
motion for summary disposition. The motion and
brief consist of only ten substantive pages. Consid-
ering the issue presented and defendant's argu-
ment, and noting the similarity of the introductory
paragraphs of defendant's argument in this case
and in the brief in support of the motion for
summary disposition in the Kolb Middle School
case, the amount of time expended appears exces-
sive. Also included in the bill of costs were charges
for transcripts of depositions that were taken in
the action against Kolb Middle School. Defense
counsel stated that he charged fifty percent of the
costs of those transcripts to this case and the other
fifty percent to the Kolb Middle School case. Half
of the transcripts listed in defendant's bill of costs
are not cited in the brief in support of defendant's
motion for summary disposition. Furthermore, the
statement of facts in the brief in support of defen-
dant's motion for summary disposition in this case
and in the brief in support of defendant's motion
for summary disposition in the Kolb Middle School
case are substantially similar. In fact, many para-
graphs are identical. Therefore, although some
overlap of the charges could be expected, we con-
clude that the trial court erred in charging plain-
tiff with the costs and fees incurred by defense
counsel in the Kolb Middle School case, inasmuch
as those costs and fees are identified in defendant's
bill of costs. Therefore, we reverse the award of
costs and remand for redetermination of costs and
fees in accordance with MCL 600.2591; MSA
27A.2591.

Defendant's request for actual and punitive damages pursuant to MCR 7.216(C) is denied.

Affirmed in part, reversed in part, and remanded for redetermination of costs and fees. We do not retain jurisdiction.