# STATE OF MICHIGAN

# COURT OF APPEALS

---

ANITRA RASPBERRY,

        Plaintiff-Appellee,

v

YATES TOWNSHIP and ERIC MEEHAN,

        Defendants-Appellants.

UNPUBLISHED
May 9, 2017

No. 333099
Lake Circuit Court
LC No. 15-008966-NO

---

Before: SAWYER, P.J., and MURRAY and GLEICHER, JJ.

PER CURIAM.

A public park patron filed suit after being struck by a rock thrown from a passing lawnmower. The citizen levied no allegation rising to the level necessary to avoid defendants' claim to governmental immunity. Accordingly, we reverse the circuit court's denial of defendants' motion for summary disposition and remand for dismissal of the complaint.

## I. BACKGROUND

On May 20, 2013, Anitra Raspberry visited Williams Island beach with a group of relatives. The family sat at a picnic table. Approximately 30 minutes later, a Yates Township maintenance crew arrived. Yates Township employee Eric Meehan was tasked with cutting the grass using a riding lawnmower. Raspberry asserted that on his first pass, Meehan "drove the power mower . . . within ten feet of the picnic table causing dust and debris to be thrown into the air." As a result, Raspberry and her family decided to leave. Raspberry alleged that before they could retreat, Meehan drove by again "within a few yards" or "within 10 feet." "[A] rock shot out from the mower" and struck Raspberry "in between the eyes on the forehead." Raspberry suffered a fracture to "the left nasal bone" as well as swelling and bruising around her eyes and nose.

Raspberry filed suit, alleging that Meehan was grossly negligent and the Township was vicariously liable for his actions. Raspberry's theory of gross negligence was based on Meehan driving "the power mower dangerously close" to her and her family and failing "to inspect for hazards . . . such as rocks which could become flying projectiles."

In lieu of an answer, defendants filed a motion for summary disposition, claiming governmental immunity. Defendants argued that Meehan's alleged conduct did not rise to the level of gross negligence. Meehan averred that he had actually inspected the area "for any loose

-1-

materials that might be thrown" and the accident occurred "despite his best efforts." Absent gross negligence, defendants contended that the township could not be held vicariously liable. Raspberry retorted that Meehan's act of driving a power mower, which spewed excessive amounts of dust and debris, within 10 feet of park patrons, displayed an unreasonable disregard for safety, negating defendants' immunity claim.

The circuit court denied defendants' motion to dismiss the case. The court reasoned that "the facts may be still being fleshed out" and "that jurors actually could determine . . . that gross negligence did occur." Specifically, the court determined in relation to Meehan:

> [M]aybe he did not know . . . that a rock was going to be thrown out of this, but certainly there is a discharge spout on this, on this lawn tractor or lawn mower. We know that it does throw debris . . . . It's designed that way, if you will. And it throws debris in that direction in which the spout is pointing.

Yet, accepting Raspberry's allegations as true, Meehan drove "a few yards away or teen feet away" from park patrons with the spout facing them. Although Meehan may not have known that a rock would be sent flying, he was aware "it's going to discharge something in that particular direction." It was "reasonably fairly foreseeable," the court concluded, that a rock could be discharged. And in the court's estimation, "a jury could determine that actually is grossly negligent."

Defendants appeal, reasserting their claim to governmental immunity.

## II. ANALYSIS

We review de novo decisions on summary disposition motions. *Walsh v Taylor*, 263 Mich App 618, 621; 689 NW2d 506 (2004). We also review de novo the applicability of governmental immunity. *Seldon v Suburban Mobility Auth for Regional Transp*, 297 Mich App 427, 433; 824 NW2d 318 (2012). A court may grant summary disposition under MCR 2.116(C)(7) if the moving party is entitled to "immunity granted by law." *Odom v Wayne Co*, 482 Mich 459, 466; 760 NW2d 217 (2008). "When reviewing a motion under MCR 2.116(C)(7), this Court must accept all well-pleaded allegations as true and construe them in favor of the plaintiff, unless other evidence contradicts them." *Dextrom v Wexford Co*, 287 Mich App 406, 428; 789 NW2d 211 (2010). Further, we must consider "any affidavits, depositions, admissions, or other documentary evidence" submitted. *Id*. at 429. "The contents of the complaint are accepted as true unless contradicted by the evidence provided." *Odom*, 482 Mich at 466 (quotation marks and citation omitted).

> A motion under MCR 2.116(C)(8) "tests the legal sufficiency of the complaint on the basis of the pleadings alone to determine if the opposing party has stated a claim for which relief can be granted." *Begin v Mich Bell Tel Co*, 284 Mich App 581, 591; 773 NW2d 271 (2009). We must accept all well-pleaded allegations as true and construe them in the light most favorable to the nonmoving party. *Id*. The motion should be granted only if no factual development could possibly justify recovery. *Id*. [*Zaher v Miotke*, 300 Mich App 132, 139; 832 NW2d 266 (2013).]

Pursuant to MCL 691.1407(2), a governmental actor such as Meehan is immune from tort liability for injuries caused in the course of employment while acting on behalf of his or her government employer if:

>   (a) The [individual] is acting or reasonably believes he or she is acting within the scope of his or her authority.

>   (b) The governmental agency is engaged in the exercise or discharge of a governmental function.

>   (c) The [individual's] conduct does not amount to gross negligence that is the proximate cause of the injury or damage.

Raspberry does not challenge that Meehan was acting within the scope of his authority and was engaged in a governmental function. The only question is whether his conduct can be deemed grossly negligent.

MCL 691.1407(8)(a) defines "gross negligence" as "conduct so reckless as to demonstrate a substantial lack of concern for whether an injury results." To meet his or her burden, a plaintiff must present evidence of more than mere ordinary negligence. *Maiden v Rozwood*, 461 Mich 109, 122; 597 NW2d 817 (1999). In fact, the challenged conduct must be "substantially more than negligent." *Costa v Community Emergency Med Servs, Inc*, 475 Mich 403, 411; 716 NW2d 236 (2006).

>   [G]ross negligence . . . suggests . . . almost a willful disregard of precautions or measures to attend to safety and a singular disregard for substantial risks. It is as though, if an objective observer watched the actor, he could conclude, reasonably, that the actor simply did not care about the safety or welfare of those in his charge. [*Tarlea v Crabtree*, 263 Mich App 80, 90; 687 NW2d 333 (2004).]

"Generally, once a standard of conduct is established, the reasonableness of an actor's conduct under the standard is a question for the factfinder, not the court." *Tallman v Markstrom*, 180 Mich App 141, 144; 446 NW2d 618 (1989), cited approvingly in *Jackson v Saginaw Co*, 458 Mich 141, 146; 580 NW2d 870 (1998). "However, if, on the basis of the evidence presented, reasonable minds could not differ, then the motion for summary disposition should be granted." *Jackson*, 458 Mich at 146 (quotation marks and citation omitted).

Here, reasonable minds could not differ over whether Meehan's conduct rose to the level of gross negligence. Raspberry alleged only that Meehan drove the power mower within 10 feet of park patrons and the mower spewed dust and debris in her direction. She did not allege that the ground was littered with visible rocks or sticks that Meehan should have noticed and avoided. Rather, the complaint and Raspberry's affidavit imply that as Meehan drove the power mower, the mower collected and threw a rock that was not visible to the operator. Even if driving the power mower within 10 feet of park patrons was not a safe practice, this conduct would be merely negligent. After all, the danger did not arise from the mower's blades coming within striking distance of citizens, but from the tips of mowed grass and dust vacuumed from the ground being discharged from the mower to serve as mulch.

The only authority cited by Raspberry to support that Meehan's conduct rose to the level of gross negligence is inapposite. *Tallman*, 180 Mich App at 142, involved a student who was injured during a woodworking class when the teacher allowed him to use "a table saw unequipped with guards or safety devices." A teacher with a duty to safeguard students allowing a teenaged child access to an unguarded, sharp, powerful blade that could mutilate his or her hands bears no resemblance to driving a lawn mower with guarded blades within 10 feet of a park visitor.

Moreover, the township, as a governmental agency, could only be held vicariously liable if its employee, "acting during the course of employment and within the scope of authority, commit[ed] a tort while engaged in an activity which is nongovernmental or proprietary, or which falls within a statutory exception." *Ross v Consumers Power Co*, 420 Mich 567, 625; 363 NW2d 641 (1984). Meehan was acting during the course of employment and within the scope of his authority as he carried out the governmental function of mowing the grass in a state park and no immunity exception applies. Accordingly, the township could face no liability.

We reverse and remand for dismissal of Raspberry's action against the township and Meehan. We do not retain jurisdiction.

/s/ David H. Sawyer
/s/ Christopher M. Murray
/s/ Elizabeth L. Gleicher