# STATE OF MICHIGAN

# COURT OF APPEALS

JA'KWON TIGGS, by Next Friend JESSICA TIGGS,

Plaintiff-Appellee,

v

FLINT COMMUNITY SCHOOLS, FLINT BOARD OF EDUCATION, FLINT SCHOOL DISTRICT, and IAN MOTEN,

Defendants,

and

LISA ANDERSON,

Defendant-Appellant.

UNPUBLISHED
May 8, 2018

No. 338798
Genesee Circuit Court
LC No. 17-108607-CZ

Before: BORRELLO, P.J., and SAWYER and JANSEN, JJ.

PER CURIAM.

Defendant, Lisa Anderson, appeals as of right an order denying her motion for summary disposition in this negligence action. We reverse and remand for entry of summary disposition in favor of defendant only.

This matter arises out of an incident in which defendant, Ian Moten (Moten), a guest teacher for Flint Community Schools, put duct tape over the mouths of several first grade students. Flint Community Schools, the Flint Board of Education, and the Flint School District (school district entities) were dismissed from this action because plaintiff, Jessica Tiggs, did not contest summary disposition in their favor. Moten was represented by separate counsel in the lower court, and the motion for summary disposition was not filed on his behalf. Thus, plaintiff's specific allegations against Moten are not subject to this appeal.

Defendant argues on appeal that the trial court erred in denying summary disposition in her favor pursuant to the governmental tort liability act (GTLA), MCL 691.1401 *et seq.*, because she was not the proximate cause of the injuries of the minor plaintiff, Ja'Kwon Tiggs, and her conduct did not constitute gross negligence. We agree.

-1-

Defendant and the school district entities moved for summary disposition pursuant to MCR 2.116(C)(7) on the ground of governmental immunity. The trial court granted partial summary disposition to the school district entities, but denied defendant summary disposition on the basis that gross negligence and proximate cause were questions of fact for a jury. This Court reviews a trial court's decision regarding a motion for summary disposition de novo. *Gorman v American Honda Motor Co, Inc*, 302 Mich App 113, 115; 839 NW2d 223 (2013). This Court reviews only the evidence that was presented at the time the trial court made its decision on the motion. *Id*. at 120. If a claim is barred because of "immunity granted by law," summary disposition is appropriate pursuant to MCR 2.116(C)(7).

This Court must accept all well-pleaded factual allegations as true, and construe them in favor of the plaintiff, unless other evidence contradicts them, when reviewing a motion under MCR 2.116(C)(7). *Dextrom v Wexford Co*, 287 Mich App 406, 428; 789 NW2d 211 (2010). "If any affidavits, depositions, admissions, or other documentary evidence are submitted, the court must consider them to determine whether there is a genuine issue of material fact. If no facts are in dispute, and if reasonable minds could not differ regarding the legal effect of those facts, the question [of] whether the claim is barred is an issue of law for the court." *Id*. at 429 (citations omitted). If a question of fact does exist to the extent that recovery could be provided by factual development, dismissal is inappropriate. *Id*.

We conclude that because there is no genuine issue of material fact regarding gross negligence and proximate causation, the trial court erred by denying defendant summary disposition. Defendant's conduct as the Executive Director of Human Resources and Legal Affairs for Flint Community Schools did not rise to the level of gross negligence, and further, was not the proximate cause of minor plaintiff's injuries. Therefore, the gross negligence exception to governmental immunity is inapplicable.

Michigan jurisprudence is clear that civil immunity is provided to governmental employees for injuries they cause while they are acting in the scope of their employment "if they are acting or reasonably believe they are acting within the scope of their authority, if they are engaged in the exercise or discharge of a governmental function, and if their conduct does not amount to gross negligence that is the proximate cause of the injury or damage." *Love v Detroit*, 270 Mich App 563, 565; 716 NW2d 604 (2006), citing *Robinson v Detroit*, 462 Mich 439, 458; 613 NW2d 307 (2000), citing MCL 691.1407(2). "Gross negligence" is defined by the GTLA as "conduct so reckless as to demonstrate a substantial lack of concern for whether an injury results." MCL 691.1407(7)(a). A governmental employee's gross negligence is the proximate cause of an injury if it is " 'the one most immediate, efficient, and direct cause' preceding the injury." *Love*, 270 Mich App at 563, quoting *Robinson*, 462 Mich at 462. Evidence of ordinary negligence is not enough to establish a material question of fact regarding whether a government employee was grossly negligent. *Chelsea Inv Group LLC v Chelsea*, 288 Mich App 239, 265; 792 NW2d 781 (2010). Furthermore, "[t]he determination whether a governmental employee's conduct constituted gross negligence that proximately caused the complained-of injury under MCL 691.1407 is generally a question of fact, but, if reasonable minds could not differ, a court may grant summary disposition." *Briggs v Oakland Co*, 276 Mich App 369, 374; 742 NW2d 136 (2007).

A school district is a political subdivision subject to the GTLA. MCL 691.1401(e). For purposes of governmental immunity, the term "governmental function" is to be broadly construed. *NL Ventures VI Farmington, LLC v Livonia*, 314 Mich App 222, 244; 886 NW2d 772 (2016). It has long been held that the operation of a public school is a uniquely governmental function. *Deaner v Utica Community Sch Dist*, 99 Mich App 103, 108; 297 NW2d 625 (1980). The hiring and supervision of teachers is also "a function that is the essence of government." *McIntosh v Becker*, 111 Mich App 692, 697; 314 NW2d 728 (1981). It is undisputed that defendant was acting within the scope of her authority, and was engaged in a governmental function, at the time of this incident. *Love*, 270 Mich App at 565. On December 3, 2013, defendant was the active Executive Director of Human Resources and Legal Affairs for Flint Community Schools. Therefore, defendant is entitled to governmental immunity unless her actions constitute "gross negligence that is the proximate cause of the injury or damage." *Love*, 270 Mich App at 565. Defendant's actions must be both grossly negligent and the proximate cause of minor plaintiff's injuries for defendant to be immune. *Id*.

## I. GROSS NEGLIGENCE

As stated *supra*, gross negligence is "conduct so reckless as to demonstrate a substantial lack of concern for whether an injury results." MCL 691.1407(7)(a). The Court explained this standard in *Tarlea v Crabtree*, 263 Mich App 80, 90; 687 NW2d 333 (2004):

> Simply alleging that an actor could have done more is insufficient under Michigan law, because, with the benefit of hindsight, a claim can always be made that extra precautions could have influenced the result. However, saying that a defendant could have taken additional precautions is insufficient to find ordinary negligence, much less recklessness. Even the most exacting standard of conduct, the negligence standard, does not require one to exhaust every conceivable precaution to be considered not negligent.

> The much less demanding standard of care—gross negligence—suggests, instead, almost a willful disregard of precautions or measures to attend to safety and a singular disregard for substantial risks. It is as though, if an observer watched the actor, he could conclude, reasonably, that the actor simply did not care about the safety or welfare of those in his charge.

In *Tarlea*, a student at a summer football conditioning camp passed away after participating in a 1½ mile run. *Id*. at 86. This Court determined that the football coaches in charge of the camp were not grossly negligent because they took many precautions to safeguard the football players, such as offering water breaks, allowing the students to take a break in the shade during the run, making the run voluntary, and allowing the students to run in shorts and t-shirts because of the heat. *Id*. at 86, 91-92.

Similarly, in *Vermilya v Dunham*, 195 Mich App 79, 80-81; 489 NW2d 496 (1992), the minor plaintiff was injured at school when other students pushed a steel soccer goal on top of him. The minor plaintiff's father filed suit against the school principal, who was granted summary disposition in the lower court because the principal was not grossly negligent. *Id*. at 81. The minor plaintiff's father appealed, and this Court affirmed summary disposition in the

principal's favor. *Id*. at 83. This Court agreed that the principal was not grossly negligent because he became aware that the goals could be tipped over one to two weeks before the incident, he spoke to the maintenance supervisor regarding anchoring the goals, he made announcements telling students to stay off of the goals, and he disciplined students who failed to comply. *Id*.

In this case, plaintiff's argument is based on hindsight: she argues that defendant was "aware that [ ] Moten had the propensity to cause harm to children under his supervision and [defendant] could have prevented the unfortunate incidents that caused the filing of this lawsuit." Moten was hired as a guest teacher for the district in 2010 by the then-active Executive Director of Human Resources, Karen Pugh. At that time, defendant was the Risk and Benefits Manager for the district. Pugh did not discuss her decision to hire Moten with defendant before or after he was hired. Defendant had no involvement in Moten's hiring. Defendant did not replace Pugh as the Executive Director of Human Resources until January 2013. In *Vermilya*, the school principal became aware that the goal posts were unanchored one or two weeks before the minor plaintiff was injured, and took steps to alleviate the problem. *Vermilya*, 195 Mich App at 83. In contrast, defendant did not know that Moten threatened to duct tape the students' mouths before it actually occurred. She was not notified of the duct tape incident until after it occurred, and was directed by the superintendent to act accordingly. At that point, she pulled Moten's personnel file, and saw the correspondence from 2010 and 2012 requesting that he not report to two of the district schools, and his employment application disclosing an incident in which he left his own minor child in the car at the YMCA. Following the duct tape incident, defendant sent Moten a letter ending his employment with the district.

Defendant's actions do not demonstrate that she acted with "a willful disregard of precautions or measures to attend to safety and a singular disregard for substantial risks." *Tarlea*, 263 Mich App at 90. She was unaware of the previous incidents included in Moten's personnel file as she had no reason to investigate his guest teacher services before the duct tape incident. She also was unaware that Moten threatened to bring duct tape to school and tape the students' mouths before the actual occurrence. Although she had access to Moten's file beginning in January 2013, the reports of his prior inappropriate behavior were added to his file in 2010 and 2012, there was no reason for defendant to be aware of these documents before the duct tape incident on December 3, 2013. Plaintiff has not demonstrated that these prior incidents necessarily would have been a basis to discontinue Moten's employment. There was no indication that he was disciplined for his prior actions, or that he could lose employment as a result. Therefore, defendant did not act in a reckless manner and with a "substantial lack of concern for whether an injury results" by failing to discontinue Moten's services, and she was not grossly negligent. MCL 691.1407(7)(a).

As noted above, defendant's actions must be both grossly negligent and the proximate cause of plaintiff's injuries for defendant to have immunity from liability. *Love*, 270 Mich App at 565. Given that defendant was not grossly negligent, the trial court's denial of summary disposition in favor of defendant was in error on that basis alone. However, because the parties discussed proximate cause on appeal, we address it herein.

## II. PROXIMATE CAUSE

"Proximate cause is an essential element of a negligence claim." *Ray v Swager*, 501 Mich 52, 63; 903 NW2d 366 (2017). Proximate cause requires an examination of the foreseeability of consequences, and whether a defendant is legally responsible for those consequences. *Id*. Proximate cause should not be confused with cause in fact, or factual causation, which means that a plaintiff's injury would not have occurred "but for" the actions of a defendant. *Id*. A court must determine that a defendant's negligence was a cause in fact of a plaintiff's injuries before it can conclude that it was the proximate or legal cause of the injuries. *Id*. at 64. "In a negligence action, a plaintiff must establish both factual causation, i.e., 'the defendant's conduct in fact caused harm to the plaintiff,' and legal causation, i.e., the harm caused to the plaintiff 'was the general kind of harm the defendant negligently risked.' " *Id*. (quotations omitted).

The second element that needs to be met for the gross negligence exception to governmental immunity to apply is that defendant's grossly negligent actions were *the* "proximate cause" of plaintiff's injuries. *Love*, 270 Mich App at 565. Proximate cause is " 'the one most immediate, efficient, and direct cause' preceding the injury." *Id*. at 563, quoting *Robinson*, 462 Mich at 462. "The" proximate cause is different from "a" proximate cause, which implies the possibility of many proximate causes. *Robinson*, 462 Mich at 459-462. The Michigan Supreme Court recently explained the proper process to determine proximate cause pursuant to the GTLA:

> We take this opportunity to clarify the role that factual and legal causation play when analyzing whether a defendant's conduct was "the proximate cause" of a plaintiff's injuries under the GTLA. In any negligence case, including one involving a government actor's gross negligence, a court must determine whether "the defendant's negligence was a cause in fact of the plaintiff's injuries . . . ." But the court must also assess proximate cause, that is, legal causation, which requires a determination of whether it was foreseeable that the defendant's conduct could result in harm to the victim. A proper legal causation inquiry considers whether an actor should be held legally responsible for his or her conduct, which requires determining whether the actor's breach of a duty to the plaintiff was a proximate cause of the plaintiff's injury. It is not uncommon that more than one proximate cause contributes to an injury. However, under the GTLA, we have held that when assessing whether a governmental employee was "the proximate cause" of the plaintiff's injuries, a court must determine whether the defendant's conduct was "the one most immediate, efficient, and direct cause of the injury . . . ." [*Ray*, 501 Mich at 64-65 (quotations omitted).]

Proximate cause may not be determined by weighing factual causes. *Id*. at 66. Breaches of a duty by a human actor only can be a proximate cause; whereas, "nonhuman and natural forces" cannot be a proximate cause, but can be "superseding causes that relieve the actor of liability if the intervening force was not reasonably foreseeable." *Id*. at 72.

In applying this standard, there is no genuine issue of material fact that defendant's conduct was not the proximate cause of minor plaintiff's injuries. Whether defendant should be

held legally responsible for her conduct requires determining whether the breach of any duty of care that she owed minor plaintiff was a proximate cause of his injuries. *Ray*, 501 Mich at 65. Defendant was not involved in the decision to hire Moten to provide guest teacher services. Accordingly, plaintiff essentially asserts that defendant breached a duty of care to minor plaintiff by allowing Moten to continue guest teaching, despite his record of prior indiscretions. However, the last report in Moten's personnel file was dated from December 2012, and defendant did not become the Executive Director of Human Resources and Legal Affairs until January 2013. She was not notified of the duct tape incident until after it occurred. Defendant was unaware of Moten's prior inappropriate behavior noted in his personnel file because in the time between when she took over as Executive Director of Human Resources and the duct tape incident, she had no reason to inquire into his file.

This Court has previously upheld summary disposition in favor of school boards on claims of negligent hiring and supervision because screening, hiring, and supervision of teachers is a governmental function. See *McIntosh*, 111 Mich App at 695-696 (school district immune from liability for alleged negligence in screening, hiring, and supervising teacher who slandered, assaulted, and battered minor plaintiff); *Bozarth v Harper Creek Bd of Ed*, 94 Mich App 351, 353-354; 288 NW2d 424 (1979) (school board entitled to governmental immunity on negligent hiring and supervision claim of teacher who sexually assaulted minor plaintiff). Furthermore, "[w]hen a plaintiff attempts to establish factual causation circumstantially, that circumstantial proof must go beyond pure speculation." *Ray*, 501 Mich at 70. Plaintiff's assertion that defendant "could have prevented the unfortunate incidents that caused the filing of this lawsuit" is purely speculative.

We therefore conclude that it was not foreseeable that defendant's alleged failure to inquire into Moten's teaching history and discontinue his guest teaching services before this incident would result in harm to minor plaintiff. Even if defendant had been aware of the contents of Moten's file, it was not foreseeable that he would go so far as to duct tape students' mouths. The prior complaints about Moten were that he did not follow lesson plans or keep his classroom under control. Nothing in Moten's personnel file suggested he might become physical with students. For example, in an effort to manage his classroom, Moten had previously sent students into the hallway. Based on these prior reports, it was not foreseeable that Moten would resort to duct taping students' mouths to control the classroom.

Defendant's conduct was not the "one most immediate, efficient, and direct cause" of minor plaintiff's injury. *Love*, 270 Mich App at 565, quoting *Robinson*, 462 Mich at 462. It is factually undisputed that Moten placed the duct tape on the minor plaintiff's mouth, and it was therefore Moten's breach of the duty of care owed to students by guest teachers that was the proximate cause of the minor plaintiff's injuries. Accordingly, there are no questions of fact barring the grant of summary disposition in favor of defendant.

Reversed and remanded for entry of summary disposition in favor of defendant only. We do not retain jurisdiction.

/s/ Stephen L. Borrello
/s/ David H. Sawyer
/s/ Kathleen Jansen

-6-