ORTEGA v. LENDERINK.

1. TRIAL—EVIDENCE—ADMISSIONS—INCONSISTENT STATEMENTS.
   Statements by a party or his counsel in the course of trial are considered binding judicial admissions if they are distinct, formal, solemn admissions made for the express purpose of dispensing with formal proof of some fact at trial; however, where defendant testified that he parked his truck 17 or 18 feet from a crosswalk at an intersection and plaintiff presented 3 witnesses with conflicting testimony as to the distance involved, the rule of binding judicial admission should not be applied against defendant (CLS 1961, § 257.674).

2. MOTIONS—DIRECTED VERDICT—VIEW OF EVIDENCE.
   Rule that testimony must be viewed in the light most favorable to defendant in passing upon plaintiff's motions for directed verdict is not inapplicable because defendant expressed an opinion at trial, which was inconsistent with the facts to be assumed in considering such a motion (GCR 1963, 515.1).

3. AUTOMOBILES — INSTRUCTIONS — NEGLIGENCE — INTERSECTIONS — PARKED TRUCK — EVIDENCE.
   Plaintiffs' written request to charge that if defendant were found to have parked his truck within 20 feet of a crosswalk at an intersection he would be guilty of negligence as a matter of law held, properly given, under evidence adduced (CLS 1961, § 257.674).

4. SAME — REQUEST TO CHARGE — NEGLIGENCE — INTERSECTIONS — PARKED TRUCK — EVIDENCE.
   Plaintiffs' oral request to charge that defendant had parked his truck within 20 feet of a crosswalk and was therefore guilty

REFERENCES FOR POINTS IN HEADNOTES
[1] 53 Am Jur, Trial § 367 et seq.
[2] 53 Am Jur, Trial § 340 et seq.
[3, 4] 8 Am Jur 2d, Automobiles and Highway Traffic § 815.

of negligence as a matter of law, based on defendant's own estimate that his truck was between 17 and 18 feet north of the crosswalk, *held,* properly denied in view of some conflicting testimony by plaintiffs' witnesses that truck was over 21 feet north of crosswalk (CLS 1961, § 257.674).

Appeal from Court of Appeals, Division 3, Lesinski, C. J., and Burns and Holbrook, JJ., affirming in part and reversing in part Kent, Vander Wal (John H.), J. Submitted April 8, 1969. (Calendar No. 7, Docket No. 51,987.) Decided August 4, 1969.

10 Mich App 190, reversed as to defendant Lenderink.

*Marcus, McCroskey, Libner, Reamon, Williams & Dilley,* for plaintiff.

*Cholette, Perkins & Buchanan (Edward D. Wells,* of counsel), for defendant Lenderink.

DETHMERS, J. This appeal of defendant Lenderink involves the same accident as that in *Ortega v. Veenstra* (1969), 382 Mich 210. The defendants Veenstra were the driver and the owner, respectively, of the automobile which struck plaintiff's

minor boy. Plaintiff has sought to attach liability to defendant Lenderink on the ground that he had parked his truck, in violation of the statute,[1] within 20 feet of the crosswalk at an intersection, that the minor was concealed by the truck from the view of approaching defendant driver Veenstra as he was about to cross the street, just before he stepped out from in front of the truck into and against the Veenstra car, and that such unlawful parking was, therefore, a proximate cause of the accident.

The cases against the Veenstras and Lenderink were tried together and resulted in a jury verdict of no cause for action as to all 3 defendants. On plaintiff's appeal to the Court of Appeals it affirmed as to defendants Veenstra but reversed and remanded for new trial against defendant Lenderink. This appeal is here on leave granted to him. 381 Mich 755. The separate appeal of plaintiff in this Court against the Veenstras is that considered in the opinion of Mr. Justice KELLY in the above cited case.

The Court of Appeals reversal was based on the theory that the trial court had committed reversible error in refusing plaintiff's request to charge the jury that Lenderink was guilty of negligence as a matter of law in parking his truck where he did and to leave to the jury only the questions of proximate cause and contributory negligence.

At trial plaintiff originally filed written requests to charge, including the following, denominated "plaintiff's proposed instruction No. 9":

"It is the position of the plaintiffs in this action that defendant Lenderink was negligent in parking his truck so close to the north crosswalk of the Clancy-Fairbanks intersection as to obstruct the vision of drivers of automobiles who were approach-

---

[1] See CLS 1961, § 257.674 (Stat Ann 1968 Rev § 9.2374).—REPORTER.

ing the intersection from the north. One of the laws of Michigan controlling the use of automobiles provides that,

" 'No person shall park a vehicle   *   *   *   within 20 feet of a crosswalk.'

"This means that no one is permitted to park a car or a truck within 20 feet of the crosswalk at an intersection.

"If you should find that the delivery truck of the Clancy Food Market was parked by Mr. Lenderink within 20 feet of the north crosswalk of the Clancy-Fairbanks intersection at the time Robert Ortega was struck by the Veenstra car, then that would be a violation of the statute which I just read you, and defendant Lenderink would be guilty of negligence as a matter of law."

This requested charge was given by the court. Before the court instructed the jury, however, plaintiff's attorney informed the court that he was no longer satisfied with his request No. 9, which in effect leaves it to the jury to determine the place of parking and instructing only that if it should find it to be within 20 feet of the crosswalk the defendant Lenderink would be guilty of negligence as a matter of law. Counsel now requested, orally, that the court, instead, instruct the jury that Lenderink had parked his truck within those 20 feet and, therefore, was guilty of negligence as a matter of law. This the trial judge refused to do. The Court of Appeals says he should have done so.

Plaintiff seeks to establish his claimed right to a directed finding of guilty of negligence against Lenderink on his own testimony, on cross-examination under the statute, which was, substantially, that he had never measured it, but that according to his best judgment the front of his truck, when parked, was between 17 and 18 feet north of the

crosswalk. Plaintiff also points to the opening statement, made before proofs, by defendant Lenderink's attorney about what the proofs would show, including the assertion that Lenderink's best estimate of the distance between the crosswalk and the front of his parked truck was approximately 18 feet. In addition, plaintiff presented testimony of 3 other witnesses to the effect that the front of the truck had been in line with the fire plug, which other proofs showed to have been 16 inches north from the crosswalk in the direction of the parked truck.

A woman who lived in an apartment at the corner testified that she had been looking out of a window and saw the boy run out into the street and the ensuing accident. She also testified that she would say that the truck was parked 15 to 20 feet beyond the fire hydrant, which, defendant argues, with the hydrant being 16 inches north of the crosswalk, would amount to her testimony placing the front of the truck from 16 feet, 4 inches, to 21 feet, 4 inches, north of the crosswalk. Plaintiff points to inconsistencies in her testimony but nothing to show interest on her part in the outcome of the case.

Plaintiff has come, on appeal here, to the point of claiming that defendant Lenderink's own testimony and the opening statements of his counsel about the distance constitute a judicial admission which is binding on him. In this connection he cites *Connor* v. *Lake Shore & M. S. R. Co.* (1911), 168 Mich 29, *Leadon* v. *Detroit Lumber Company* (1954), 340 Mich 74, and *Tozer* v. *Kerr* (1955), 342 Mich 136. An examination of those cases shows that a statement made by a party or his counsel, in the course of trial, is considered a binding judicial admission if it is a distinct, formal, solemn admission made for the express purpose of, *inter alia,* dispens-

ing with the formal proof of some fact at trial. In *Tozer,* notably, this Court went so far as to say:

"We have here no formal admission of a fact, as in *Connor,* 'made for the express purpose of alleviating the stringency of some rule of practice, or of dispensing with the formal proof of some fact at the trial,' which, as stated in *Connor,* would 'stand upon a different footing from that held by mere testimony.' There was no judicial admission of fact requiring that we discard the usual rule applicable to defendant Moelke's motion for judgment *non obstante veredicto* that the testimony must be viewed in the light most favorable to plaintiff. That rule is followed even when there are inconsistencies or contradictory statements in the testimony of plaintiff or her witnesses. *Yampolsky* v. *Smith* (1948), 320 Mich 647; *White* v. *Herpolsheimer Company* (1950), 327 Mich 462 (26 ALR2d 667); *Staunton* v. *City of Detroit* (1951), 329 Mich 516; *Knoellinger* v. *Hensler* (1951), 331 Mich 197; *Knoor* v. *Borr* (1952), 334 Mich 30. Certainly the rule is not inapplicable merely because of her expression of opinions inconsistent with testimony of facts which support a verdict in her favor."

In the instant case plaintiff was not prevented by the above admission of defendant and his counsel from presenting testimony of other witnesses as to the question of the distance involved and, in fact, did present that of 3 other witnesses. This is, then, no case, under the cited decisions or any others, for imposing the rule of a binding judicial admission against defendant Lenderink. To borrow from *Tozer,* Lenderink is entitled to the benefit of testimony in support of a verdict in his favor despite his expression of an opinion inconsistent therewith. Furthermore, with the judicial admission question thus eliminated, we are left the situation of conflict-

ing evidence on the subject and, as said in *Tozer*, and uniformly in our decisions, in consideration of plaintiff's motion for what amounts to a directed verdict on this matter, defendant Lenderink is entitled to have the testimony viewed in the light most favorable to him.[2] So viewed, although plaintiff was entitled to the charge No. 9 which he first requested and which the court gave, he was not entitled to his afterthought, a direction to the jury to find a certain way as to a question of fact on which there was conflicting testimony.

Reversed and remanded to circuit court for entry of judgment in accord with the verdict. Costs to defendant.

T. E. BRENNAN, C. J., and KELLY, BLACK, T. M. KAVANAGH, ADAMS, and T. G. KAVANAGH, JJ., concurred.

---

[2] See GCR 1963, 515.1.—REPORTER.