SCHUBOT v THAYER

Docket No. 74884. Submitted October 1, 1985, at Detroit. Decided May 12, 1986.

Plaintiff Marian E. Schubot was injured in an automobile accident. She and her husband, Harold Schubot, brought an action against Jane M. Thayer in the Leelenau Circuit Court alleging, among other things, serious impairment of a body function. Plaintiffs appeal from a judgment, William R. Brown, J., on a jury verdict that Marian Schubot did not suffer a serious impairment of body function and allege error in the court's instruction that pain and suffering alone do not constitute a serious impairment of a body function.

The Court of Appeals *held:*

Pain and suffering alone do not constitute a serious impairment of body function for purposes of eligibility to recover noneconomic losses under the no-fault act.

Affirmed.

INSURANCE — NO-FAULT — SERIOUS IMPAIRMENT OF BODY FUNCTION — PAIN AND SUFFERING.

Pain and suffering alone do not constitute a serious impairment of body function for purposes of eligibility to recover noneconomic losses under the no-fault act (MCL 500.3135; MSA 24.13135).

*L. Kent Walton,* for plaintiffs.

*Frederick R. Bimber,* for defendant.

Before: D. E. HOLBROOK, JR., P.J., and R. B. BURNS and K. B. GLASER,* JJ.

REFERENCES

Am Jur 2d, Automobile Insurance § 358.

What constitutes sufficiently serious personal injury, disability, impairment, or the like to justify recovery of damages outside of no-fault automobile insurance coverage. 33 ALR4th 767.

Validity and construction of "no-fault" automobile insurance plans. 42 ALR3d 229.

* Circuit judge, sitting on the Court of Appeals by assignment.

PER CURIAM. Plaintiffs appeal as of right from an adverse jury verdict based on the jury's finding that Marian Schubot had not suffered a serious impairment of a body function as required by MCL 500.3135; MSA 24.13135. The sole issue on appeal is whether the trial court erred in its instruction that pain and suffering alone do not constitute an impairment of a body function.[1] We affirm.

This case arises from a minor automobile accident on July 1, 1977, when defendant's automobile struck plaintiffs' automobile in the rear. Plaintiff Marian Schubot's testimony was that, following the accident, her family physician treated her for neck pain and that she continued to have neck pain every day as a result of the accident. Because of the accident, plaintiff further stated that she can no longer garden and that her housekeeping activities are limited. She also noted that she has to sleep on the couch to keep from turning in her sleep, which would cause her neck to hurt. Various doctors testified that plaintiff suffered from a cervical sprain with some osteoarthritis in her neck having been aggravated by the accident. There was testimony that the damage to the muscle and soft tissue was permanent.

At the time of this trial, SJI2d 36.01, defining

---

[1] Defendant moved on May 18, 1983, for summary judgment pursuant to GCR 1963, 117.2(3), now MCR 2.116(C)(10), asserting that plaintiff Marian Schubot had not suffered an objectively manifested injury or a serious impairment of body function. Defendant's counsel submitted an affidavit in support and the depositions of two doctors. On May 31, 1983, plaintiffs moved for summary judgment pursuant to GCR 1963, 117.2(2), now MCR 2.116(C)(9) and 117.2(3). The trial court denied both motions "as to serious impairment of body function" on June 7, 1983. We assume that, in doing so, the trial court determined that there existed a factual dispute regarding the nature and extent of Marian Schubot's injuries which was material to the determination of whether she suffered a serious impairment of body function, and thus found it appropriate to submit the question to the jury. *Cassidy v McGovern*, 415 Mich 483, 502; 330 NW2d 22 (1982); *Galli v Reutter*, 148 Mich App 313; 384 NW2d 43 (1985). Neither party has appealed the denials of summary judgment, so the issue is not before us.

serious impairment, had been determined by the committee on standard civil jury instructions not to accurately state the law, and a notice was published in the bar journal recommending that the instruction not be used.

There being no approved standard jury instruction, the trial court gave the following instruction on serious impairment:

> The law in Michigan provides that Plaintiffs may recover damages in the case if Plaintiff, Marion [sic] Schubot, suffered serious impairment of body function. Based upon the evidence in this case, you must decide whether Plaintiff Marion [sic] Schubot, suffered an impairment of body function as a result of the automobile accident in this case, and if so, whether the impairment of body function was serious. An impairment of body function means an objectively manifested injury which affects the functioning of Plaintiff's body. *Pain and suffering alone do not constitute an impairment of a body function.* A serious impairment of body function is one which affects an important body function and affects Plaintiff's general ability to live a normal life. The functioning of the neck is an important body function. You are to determine if there has been a serious impairment of the function of the Plaintiff's neck.
>
> An injury need not be permanent to be serious. Nevertheless, permanancy [sic] is a relevant consideration. The terms serious, impairment, and function have no special or technical meaning in the law and should be considered by you in the ordinary sense of their common usage. The operation of the mind and of the nervous systems are body functions. Mental or emotional injury which is not caused by physical injury but which results in physical symptoms may be serious impairment of body function. [Emphasis added.]

Before instructions were given, plaintiffs objected

to the inclusion of the emphasized sentence in the above instruction as being in error.

Since there was no standard jury instruction on point, the trial court had authority to give an instruction provided that instruction was concise, understandable, conversational, and nonargumentative, and provided that it was applicable and accurately stated the law. *Young v E W Bliss, Co,* 130 Mich App 363, 371; 343 NW2d 553 (1983).

In the landmark case of *Cassidy v McGovern,* 415 Mich 483, 505; 330 NW2d 22 (1982), the Court made the following statement with relation to pain and suffering:

> Another significant aspect of the phrase "serious impairment of body function" is that it demonstrates the legislative intent to predicate recovery for noneconomic loss on objectively manifested injuries. Recovery for pain and suffering is not predicated on serious pain and suffering, but on injuries that affect the functioning of the body. Leo Cassidy's injuries were not general aches and pains, but rather two broken bones. Thus, his injuries fall within the classification "impairment of body function".

Given the foregoing quote from *Cassidy,* the sentence objected to standing alone certainly would state the applicable law. Very clearly, any plaintiff that comes to court and shows only pain and suffering cannot claim an impairment of a body function. The plaintiff must also prove an objectively manifested injury which seriously impairs an important function of plaintiff's body. It must further affect plaintiff's general ability to live a normal life. *Cassidy, supra,* p 505. The court's instruction accurately stated the criteria that the jury was to use to determine the threshold issue, and just as accurately told them that

they could not decide the threshold issue on pain and suffering alone. We fail to see how plaintiffs were prejudiced.

Plaintiffs' claim that the pain and suffering issue goes only to damages and not to liability seems to be a difference of form rather than substance. We disagree. See *Guerrero v Schoolmeester,* 135 Mich App 742, 748; 356 NW2d 251 (1984), lv den 422 Mich 881 (1985); *Jakubiac v Kumbier,* 134 Mich App 773, 777; 351 NW2d 865 (1984); *Braden v Lee,* 133 Mich App 215, 219; 348 NW2d 63 (1984); *Williams v Payne,* 131 Mich App 403, 410; 346 NW2d 564 (1984).

Affirmed.