# STATE OF MICHIGAN

# COURT OF APPEALS

JONATHAN HALL,

Plaintiff-Appellant,

v

SHAWN EDWIN BALL and CHARTER
TOWNSHIP OF GENESEE,

Defendants-Appellees.

UNPUBLISHED
February 14, 2017

No.   329494
Genesee Circuit Court
LC No.   14-103922-NI

Before:  SERVITTO, P.J., and STEPHENS and RONAYNE KRAUSE, JJ.

PER CURIAM.

Plaintiff appeals as of right an order granting defendants' motion for summary disposition under MCR 2.116(C)(7) and (C)(10).  Plaintiff was injured when his truck was struck from behind by a police cruiser driven by defendant Shawn Edwin Ball, an employee of defendant Charter Township of Genesee.  Plaintiff had been in the process of attempting to make a left turn, and apparently was properly using his turn signal, when Ball, who had been following plaintiff, attempted to pass plaintiff on the left.  Defendants moved for summary disposition, arguing that plaintiff did not sustain a serious impairment of body function that affects his general ability to live his normal life and that defendant Ball's conduct did not amount to gross negligence.  The trial court agreed.  We reverse and remand.

A grant or denial of summary disposition is reviewed de novo on the basis of the entire record to determine if the moving party is entitled to judgment as a matter of law.  *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999).  When reviewing a motion under MCR 2.116(C)(10), which tests the factual sufficiency of the complaint, this Court considers all evidence submitted by the parties in the light most favorable to the non-moving party and grants summary disposition only where the evidence fails to establish a genuine issue regarding any material fact.  *Id*. at 120.  Under MCR 2.116(C)(7), where the claim is allegedly barred, the trial court must accept as true the contents of the complaint, unless they are contradicted by documentary evidence submitted by the moving party.  *Id*. at 119.

As an initial matter, we find the trial court's conclusion that Ball was not grossly negligent to be incredible.  In relevant part, Ball would be immune to tort liability unless his conduct "amount[ed] to gross negligence that is the proximate cause of the injury or damage." MCL 691.1407(2).  Ball claimed that he believed plaintiff was pulling off the road to the right,

-1-

whereas plaintiff claimed he had properly activated his left turn signal. This is unambiguously a *critical* question of fact. Had Ball in fact attempted to pass a car *on the left*, on a two-lane road, while that car *was obviously turning left*, we cannot conceive of how defendants have the chutzpah to contend that Ball's conduct was anything but so blatantly reckless as to "demonstrate a substantial lack of concern for whether an injury results." MCL 691.1407(8)(a). This would not be not mere incompetent driving; it would border on intentionally causing a crash. Of course, the factual question must be resolved by the trier of fact. *Tallman v Markstron*, 180 Mich App 141; 446 NW2d 618 (1989). We express no opinion, and none should be implied, as to whether Ball *actually* engaged in such egregious conduct. However, summary disposition on the grounds that Ball was not grossly negligent was entirely improper. The Township's liability would be premised on MCL 619.1405, which requires only ordinary negligence, so summary disposition would be improper as to both defendants.

Plaintiff also suffered the requisite level of injury for this case to proceed. Under the no-fault insurance act, MCL 500.3101 *et seq.*, tort liability for non-economic loss is only available, in relevant part, "'if the injured person has suffered death, serious impairment of body function or permanent serious disfigurement.'" *McCormick v Carrier*, 487 Mich 180, 189-190; 795 NW2d 517 (2010), quoting MCL 500.3135(1). MCL 500.3135(5) defines "serious impairment of body function" as "an objectively manifested impairment of an important body function that affects the person's general ability to lead his or her normal life." In the absence of a material factual dispute regarding the nature and extent of the person's injuries, the courts determine whether the injured person has suffered a serious impairment of body function or permanent serious disfigurement as a matter of law. *McCormick*, 487 Mich at 193.

An "objectively manifested impairment" means "evidenced by actual symptoms or conditions that someone other than the injured person would observe or perceive as impairing a body function." *McCormick*, 487 Mich at 196. The focus of this inquiry is how the injuries affected a particular body function as opposed to the injuries themselves. *Id.* at 197. Whether the body function is "important" is highly subjective; what any particular person deems important may be idiosyncratic and will depend on that specific individual's life and how the function affects that life. *Id.* at 198-199. Whether the impairment affects the person's general ability to lead their normal life entails comparing the plaintiff's life before and after the accident. *Id.* at 200-202. The no-fault statute simply requires that a plaintiff show that his or her general ability to lead a "normal life has been *affected*, not destroyed," and "that some of the person's *ability* to live in his or her normal manner of living has been affected, not that some of the person's normal manner of living has itself been affected." *Id.* at 202 (emphasis in original). The impairment does not have to be permanent. *Id.* at 203.

Defendants rely on one statement by plaintiff that at present there is little he *technically* is incapable of doing that he could prior to the accident and doing so simply causes him pain. This is one statement and it is taken out of context. Generally, "pain and suffering alone" is insufficient without evidence showing some objectively observable cause for that pain, *McCormick*, 487 Mich at 197-198; see also *Schubot v Thayer*, 156 Mich App 545, 548-549; 402 NW2d 2 (1986), or a restriction ordered by a doctor on the basis of that pain. See *McDanield v Hemker*, 268 Mich App 269, 282-283; 707 NW2d 211 (2005). However, as a general matter, parties are entitled to judgments and decisions based on the evidence, notwithstanding any expression of opinion they may have made inconsistent with that evidence to their own

detriment. See *Ortega v Lenderink*, 382 Mich 218, 222-223; 169 NW2d 470 (1969). The record proves that plaintiff in fact refrains from some activities he enjoyed prior to the accident, ranging from playing hockey to playing with his child, so we cannot conclude that his life was unaffected. Plaintiff also complained that he developed debilitating, severe floaters in his vision, which are hardly subjective; such phenomena are well known to be caused by physically detectable objects, usually detached cells from the inside of the eye, literally floating through the vitreous in the eye. More importantly, plaintiff also suffered from serious muscle spasms in his lower back, which clearly were objectively manifested.

We therefore conclude that summary disposition was premature. Reversed and remanded. We do not retain jurisdiction.

/s/ Deborah A. Servitto
/s/ Cynthia Diane Stephens
/s/ Amy Ronayne Krause