# STATE OF MICHIGAN

# COURT OF APPEALS

---

RAMAN VOJNIKA,

        Plaintiff,

v

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

        Defendant-Appellee

and

PROTECTIVE INSURANCE & FINANCIAL
SERVICES LLC and PROTECTIVE
INSURANCE COMPANY,

        Defendants,

and

NATIONAL INTERSTATE INSURANCE
COMPANY,

        Defendant-Appellant.

UNPUBLISHED
June 22, 2017

No. 331470
Macomb Circuit Court
LC No. 2014-002726-NI

---

Before: RIORDAN, P.J., and RONAYNE KRAUSE and SWARTZLE, JJ.

RONAYNE KRAUSE, J. *(concurring)*

    I concur in the majority's reasoning and conclusion that plaintiff was an employee rather than an independent contractor, irrespective of plaintiff's expressed opinion to the contrary. A party is entitled to a verdict in their favor if the evidence supports that verdict, even if the party has expressed a contradictory opinion. *Ortega v Lenderink*, 382 Mich 218, 222-223; 169 NW2d 470 (1969). I disagree with the majority's conclusion that any disregard of the corporate form by Tenolli warrants piercing the corporate veil, because I do not perceive the requisite misuse beyond some commingling of identities. See *Green v Ziegelman*, 310 Mich App 436, 450-459; 873 NW2d 794 (2015). However, I concur in the majority's analysis and conclusion that Tenolli, G&T, or an entity combining both could be considered "owners" of the truck under the

-1-

no-fault act, and as noted in footnote 3 of the majority opinion, the specific identity of plaintiff's employer does not matter. I respectfully decline to concur in the remainder of the majority's analysis, because I believe doing so is unnecessary to the resolution of this matter.

/s/ Amy Ronayne Krause