# S T A T E   O F   M I C H I G A N

# C O U R T   O F   A P P E A L S

BRANDIE LEMMERHART,

        Plaintiff-Appellant,

v

TIMOTHY MARCINIAK, JUDY L.
MARCINIAK, and MAPLE PARK
RECREATION CENTER, INC,

        Defendants-Appellees.

UNPUBLISHED
September 7, 2017

No.   334045
St. Joseph Circuit Court
LC No.   15-000751-NI

Before:  BOONSTRA, P.J., and RONAYNE KRAUSE and SWARTZLE, JJ.

RONAYNE KRAUSE, J.  *(concurring)*.

I respectfully concur.  I write separately primarily because I would not dismiss plaintiff's argument pertaining to the illumination level in the skating rink's parking lot merely because counsel expressed at oral argument a lack of confidence in that argument.  Although I conclude that plaintiff did not sufficiently establish a cause of action on that basis, I also conclude that such an argument is not intrinsically unsupportable.

I note as well that notwithstanding our Supreme Court's claim that a generation ago it had "'reject[ed] the prominently cited notion that ice and snow hazards are obvious to all and therefore may not give rise to liability' under any circumstances."  *Hoffner v Lanctoe*, 492 Mich 450, 463-464; 821 NW2d 88 (2012), quoting *Quinlivan v Great Atlantic & Pacific Tea Co, Inc*, 395 Mich 244, 261; 235 NW2d 732 (1975) (alteration by the *Hoffner* Court), I do not find the trial court's statement that our Supreme Court's actual decisions reflect precisely the opposite to be unreasonable.  This Court held that black ice, by itself, is not necessarily open and obvious *per se* in the absence of any other indicia that it might exist due to its intrinsic nature as being invisible.  *Slaughter v Blarney Castle Oil Co*, 281 Mich App 474, 483-484; 760 NW2d 287 (2008).  Nonetheless, our Supreme Court has clearly indicated that even black ice *is* necessarily open and obvious in the presence of any hint that it might possibly exist.  *Ragnoli v North Oakland-North Macomb Imaging, Inc*, 500 Mich 967, 967; 892 NW2d 377 (2017).

Nevertheless, it would appear that a total lack of illumination, under which it would be literally impossible for even a person who knows ice is likely to be present to detect it without slipping on it, *might* perhaps still give rise to premises liability.  See *Knight v Gulf & Western Properties, Inc*, 196 Mich App 119, 127-128; 492 NW2d 761 (1992).  However, ordinary "low

lighting" caused by a mere lack of illumination is still insufficiently dark. *Ragnoli*, 500 Mich at 967. Plaintiff's husband made a reference in his deposition and an affidavit to the parking lot being dark and unilluminated, thereby apparently stumbling over perhaps the only possible way ice could still give rise to premises liability in Michigan. Although plaintiff's counsel apparently believed otherwise, a party "is entitled to the benefit of testimony in support of a verdict in his favor despite his expression of an opinion inconsistent therewith." *Ortega v Lenderink*, 382 Mich 218, 223; 169 NW2d 470 (1969). Furthermore, the fact that such a theory was not specifically alleged in the complaint would not necessarily preclude amendment to conform to the proofs, had there been any. See MCR 2.118. However, I concur with the majority because there simply was no other evidence presented establishing *how* dark the parking lot was at the time of the incident.

In all other respects, I fully agree with the majority.

/s/ Amy Ronayne Krause