# STATE OF MICHIGAN

# COURT OF APPEALS

JAMES WADE,

        Plaintiff-Appellant,

v

WILLIAM MCCADIE, D.O. and ST. JOSEPH
HEALTH SYSTEM, INC. doing business as
HALE ST. JOSEPH MEDICAL CLINIC,

        Defendant-Appellees.

UNPUBLISHED
November 14, 2017

No. 335418
Iosco Circuit Court
LC No. 13-007515-NH

Before: M. J. KELLY, P.J., and RONAYNE KRAUSE and BOONSTRA, JJ.

PER CURIAM.

In this medical malpractice case, plaintiff, James Wade, appeals by right the trial court's order granting summary disposition in favor of defendants, William McCadie, D.O. and St. Joseph Health System, Inc., under MCR 2.116(C)(7) (statute of limitations). Because the trial court did not err by granting summary disposition, we affirm.

## I. BASIC FACTS

The relevant facts were set forth in this Court's prior opinion in this matter.

Plaintiff alleged that following medical examinations in February 2012, he was advised by his treating doctors that he was suffering from renal and kidney failure as a result of poorly controlled hypertension. According to plaintiff, defendant William McCadie, D.O., his regular doctor, breached his duty of care over a prolonged period by failing to properly manage and treat plaintiff's condition, leading to plaintiff's renal and kidney failure. Plaintiff alleged a series of errors on McCadie's part beginning in 2008. Plaintiff admits that his claim accrued on April 21 or 25, 2011, the date when McCadie should have first been aware of plaintiff's renal dysfunction, and that he had until April 21 or 25, 2013 to file his claim under the two-year statute of limitations for malpractice actions.

According to plaintiff, he first requested medical records from defendant Hale St. Joseph's Medical Clinic on April 2, 2012. The clinic allegedly prepared a bill for copying plaintiff records on April 23, 2012, which stated, "Records are

-1-

complete and ready to be mailed." Plaintiff asserts that he paid the requested copying fee on April 26, 2012.

On August 21, 2012, plaintiff's counsel mailed a notice of intent to file suit to defendants St. Joseph Health System and Hale St. Joseph's Medical Clinic and requested access to all of plaintiff's medical records within their control, including billing and payment records, within 56 days under MCL 600.2912b(5). . . .

Plaintiff filed his complaint on February 22, 2013, and on February 28, 2013, submitted a request for production of documents, including all medical and billing records in defendants' control. On May 15, 2013, defendants' counsel sent a letter to plaintiff's counsel, stating the following:

> At our meeting to exchange medical records for the above referenced case on April 24, 2013, you had requested that we look into whether your client's laboratory records for the time period prior to 1992 were available.

> Michigan Public Health Code section 333.16213(1) only requires that medical records be retained for a minimum of (7) years, however, we also asked our client to examine their records again to see if the laboratory results were still in existence. Upon information and belief, laboratory results pertaining to [plaintiff] for the time period prior to 1992 no longer exist. Those records were destroyed in a manner consistent with the requirements of Michigan Public Health Code section 333.16213(4).

On May 7, 2013, defendants filed a motion for summary disposition under MCR 2.116(C)(7), arguing that plaintiff failed to provide an affidavit of merit with his complaint as required by MCL 600.2912d. Plaintiff filed a response to defendants' motion for summary disposition on May 28, 2013, along with an affidavit of merit signed by Richard Stern, M.D., who opined, based on a review of plaintiff's medical records, that McCadie's negligent acts and omissions were the direct and proximate cause of plaintiff's acute renal failure in February 2012. Plaintiff argued that he was permitted to file the affidavit of merit within 91 days of the complaint under MCL 600.2912d(3) because defendants failed to provide him with his complete medical records as they were required to do under MCL 600.2912b(5).

Defendants replied that they mailed plaintiff's counsel all of plaintiff's medical records within their control in April 2011, which is all that is required of them under MCL 600.2912b(5). Defendants also argued that medical records between 1979 and 1992 were not related to plaintiff's malpractice claim, as required under MCL 600.2912b(5), and that plaintiff received enough records to file an affidavit of merit.

At the hearing on defendants' motion, defendants' counsel said she had no knowledge of any records in defendants' possession that were not provided to plaintiff, but that some of his records had been destroyed. The trial court granted defendants' motion on the basis that plaintiff had failed to show that defendant did not comply with MCL 600.2912b(5), explaining as follows:

> All right. Well, I'm granting defendant's motion for summary disposition in this case. I . . . think defendant has complied with the statute, especially considering basically the defendant being able to destroy records that are more than seven years old. Did I say that right? I mean, we have . . . a situation here where plaintiff is, I guess, asking me to find that plaintiff was excused from filing this Affidavit of Merit with the Complaint by that exception, and I just think that plaintiff has failed to show that the exception applies so, therefore, I am granting defendant's motion.

> The trial court entered its order granting defendants' motion on June 20, 2013 and entered a final order dismissing the case on August 2, 2013. [*Wade v McCadie*, unpublished opinion per curiam of the Court of Appeals, issued January 29, 2015 (Docket No. 317531), pp 1-3.]

This Court concluded that although Wade had not filed an affidavit of merit with his complaint, as required by MCL 600.2912d(1), there were two exceptions to that requirement. *Id.*, unpub op at 4. Relevant to the earlier appeal, this Court determined that the exception in MCL 600.2912d(3) applied because defendants had failed to allow access to Wade's medical records within 56 days of receiving his notice of intent to sue under MCL 600.2912b(5). *Id.* Accordingly, this Court held that, under MCL 600.2912d(3), Wade's affidavit of merit could be filed within 91 days of his February 22, 2013 complaint. *Id.*

Defendants appealed this Court's decision to our Supreme Court, which vacated a portion of the prior opinion because the panel erroneously applied an inapplicable statutory definition of the phrase "medical record. *Wade v McCadie*, 499 Mich 895 (2016). However, the Supreme Court did not reverse the result reached in this Court's prior opinion because the same result would have been reached by applying the plain meaning of the phrase "medical record." *Id.*

Upon return to the trial court, defendants again moved for summary disposition under MCR 2.116(C)(7). Defendants argued that in order to be timely filed under the 91-day extension permitted by MCL 600.2912d(3), Wade had until May 24, 2013 to filed his affidavit of merit, but the affidavit of merit was not actually filed until May 28, 2013. Because the affidavit of merit was untimely under MCL 600.2912d(3) and because the two-year statute of limitations for medical malpractice claims had expired, defendants argued that the claim had to be dismissed with prejudice. In support, defendants attached a copy of the affidavit of merit which had a date and time stamp on the first page stating "FILED 2013 May 28 A 10:25."

In response, Wade asserted that the affidavit of merit was delivered to the Iosco Circuit Court on May 24, 2013 and a copy of it was electronically transmitted to defendants' lawyer on May 23, 2013. In support, he submitted a copy of a United States Postal Services receipt, which stated that Wade's lawyer sent a package via overnight mail to the "Iosco County Circuit Ct" on May 23, 2013 and that the "scheduled" time of delivery was at 3:00 p.m. on May 24, 2013. He also submitted a May 23, 2013 e-mail from his lawyer to defendants' lawyer that indicated the affidavit of merit was attached. Finally, Wade submitted an undated proof of service indicating that a copy of his affidavit of merit "was served upon counsel for Defendant by placing same in an envelope and mailing it though the U.S. Postal Service . . . and by sending a copy of the same by e-mail on May 24, 2013."[1] Wade argued that his documentary evidence demonstrated that the affidavit of merit had been timely filed "even though it may not have been formally stamped by the clerk." He also argued that further proof that the affidavit of merit was not timely stamped by the clerk was evident by reference to a calendar. Specifically, he asserted that May 28, 2013 was the Tuesday following the Memorial Day holiday, and he speculated that on May 24, 2013 when the affidavit of merit was delivered to the court, "the approaching weekend holiday may well explain why it was not formally stamped by the clerk." Wade also argued that because defendants had a copy of the affidavit of merit within 91 days of the complaint being filed, there was no prejudice to defendants, so dismissal was not proper. Wade briefly suggested that the trial court should use its power under MCL 600.2301 to amend the affidavit of merit in order to further the interests of justice. Finally, at oral argument, Wade raised the issue of equitable estoppel, and he asserted that defendants' lawyer had admitted that the affidavit of merit was filed on May 24, 2013. Wade's lawyer also represented to the court that he could not get a confirmation of delivery from the postal service because it only kept records for six months following a delivery, but the issue had not been raised until three years after delivery.

Following oral argument, the trial court granted defendants' motion for summary disposition, reasoning that the affidavit of merit was time stamped as filed on May 28, 2013 and that there was no proof that it was delivered on May 24, 2013 and inadvertently was not stamped until May 28, 2013. The trial court also denied Wade's request for an evidentiary hearing to determine whether the clerk failed to timely stamp the affidavit of merit (or would sometimes fail to stamp documents the same day that they were received).

## II. SUMMARY DISPOSITION

## A. STANDARD OF REVIEW

Wade argues that the trial court erred by granting summary disposition in defendants' favor. He argues that the trial court erred by determining that the date stamp on the affidavit of

---

[1] A time-stamped copy of the proof of service is part of the lower court record. That document indicates that the proof of service was filed on May 28, 2013, and it includes a signature page, which was signed by Wade's lawyer and is dated May 24, 2013. Additionally, although the proof of service states that a copy of the affidavit of merit was e-mailed to defendants' lawyer on May 24, 2013, the e-mail attached in support of Wade's response to summary disposition is dated May 23, 2013.

merit conclusively determined what date it was filed despite the fact that he produced significant circumstantial evidence suggesting that it was received by the Iosco Clerk's Office on May 24, 2013 and was simply not stamped until May 28, 2013. We review de novo a trial court's decision on a motion for summary disposition. *Barnard Mfg Co, Inc v Gates Performance Engineering, Inc*, 285 Mich App 362, 369; 775 NW2d 618 (2009).

## B. ANALYSIS

A plaintiff bringing a medical malpractice claim must generally file with his or her complaint an affidavit of merit that meets the requirements of MCL 600.2912d(1). "[F]or statute of limitations purposes in a medical malpractice case, the mere tendering of a complaint without the required affidavit of merit is insufficient to commence the lawsuit." *Scarsella v Pollak*, 461 Mich 547, 549; 607 NW2d 711 (2000) (citation and quotation marks omitted). Therefore, "when a plaintiff wholly omits to file the affidavit required by MCL 600.2912d(1), the filing of the complaint is ineffective, and does not work a tolling of the applicable period of limitations." *Ligons v Crittenton Hosp*, 490 Mich 61, 73; 803 NW2d 271 (2011) (citation and quotation marks omitted). Furthermore, "[w]hen the untolled period of limitations expires before the plaintiff files a complaint accompanied by an [affidavit of merit], the case must be dismissed with prejudice on statute-of-limitations grounds." *Id*.

There are two exceptions to the general requirement in MCL 600.2912d(1). First, under MCL 600.2912d(2), "for good cause shown," a party may file a motion in the trial court for a 28-day extension in which to file the affidavit of merit required under MCL 600.2912d(1). See *Solowy v Oakwood Hosp Corp*, 454 Mich 214, 228-229; 561 NW2d 843 (1997) (recognizing that a plaintiff may be unable to obtain an affidavit of merit within the requisite time period, in which case "the plaintiff's attorney should seek the relief available in MCL 600.2912d(2)"); see also *Castro v Goulet*, 312 Mich App 1, 4-5; 877 NW2d 161 (2015) (stating that the statute of limitations is tolled if a plaintiff is granted a 28-day extension to file his or her affidavit of merit under MCL 600.2912d(2)).

The second exception—and the one at issue in this case—provides:

> (3) If the defendant in an action alleging medical malpractice fails to allow access to medical records within the time period set forth in [MCL 600.2912b(6)], the affidavit required under subsection (1) may be filed within 91 days after the filing of the complaint. [MCL 600.2912d(3).]

Although it does not appear that any court has held that an affidavit of merit filed within the 91-day extension allowed under MCL 600.2912d(3) serves to toll the statute of limitations, our Supreme Court stated in *Solowy* that during the 28-day extension permitted under MCL 600.2912d(2), the statute of limitations is tolled. *Solowy*, 454 Mich at 229. Similarly, because there is no practical difference between the extension permitted under MCL 600.2912d(2) and the extension permitted under MCL 600.2912d(3), we conclude that the statute of limitations is tolled for the 91-day extension permitted under MCL 600.2912d(3).

In the prior appeal, this Court held that Wade was entitled to the 91-day extension in MCL 600.2912d(3). Therefore, the question we must now determine is whether he successfully filed his affidavit of merit within that time period.

Wade contends that the affidavit of merit was filed on May 24, 2013. In support, he directs this Court to a number of facts. First, he mailed a copy of the affidavit of merit to the Iosco Circuit Court on May 23, 2013, and his receipt from the United States Postal Services indicates a scheduled arrival before 3:00 p.m. on May 24, 2013. However, mailing a document does not constitute "filing" a document. *Hollis v Zabowski*, 101 Mich App 456, 458; 300 NW2d 597 (1980). Moreover, it has long been established that "a paper or document *is filed*, so far as the rights of the parties are concerned, *when it is delivered to and received by the proper office to be kept on file . . . .*" *People v Madigan*, 223 Mich 86, 89; 193 NW2d 806 (1923). Here, although Wade mailed the affidavit of merit to the trial court on May 23, 2013, he provided no proof that it was delivered to and received by the clerk of the Iosco Circuit Court on May 24, 2013. Based on our review of the lower court record, the only proof of when the affidavit of merit was received by the lower court is (1) the lower court register of actions for this case and (2) the date-stamp on the first page of the affidavit of merit. See MCR 8.119(C) (requiring the clerk of the court to "endorse on the first page of every document the date on which it is filed") and MCR 2.107(G) (stating that in the event that the clerk "records the receipt of materials on a date other than the filing date, the clerk shall record the filing date on the register of actions"). In this case, the first page of the affidavit of merit is date-stamped May 28, 2013, and the register of actions does not indicate that the affidavit of merit was received earlier and merely not stamped until May 28, 2013. Accordingly, the trial court did not err by concluding that the affidavit of merit was filed on May 28, 2013.

On appeal, Wade suggests that the outcome of this case is controlled by *VandenBerg v VandenBerg*, 231 Mich App 497; 586 NW2d 570 (1998) (*VandenBerg I*). We disagree. In that case, the trial court dismissed the plaintiff's complaint because she failed to file an affidavit of merit with her complaint as required by MCL 600.2912d(1). *Id.* at 498-499. This Court reversed and remanded to the trial court, reasoning that a less severe sanction was appropriate because the defendants did not suffer any prejudice as they had been served with the affidavit of merit along with the complaint. *Id.* at 502-503. On remand, however, the trial court granted summary disposition in favor of defendants because the claim was barred by the statute of limitations, and the plaintiff again appealed to this Court. *VandenBerg v VandenBerg*, 253 Mich App 658; 660 NW2d 341 (2002) (*VandenBerg II*). In *VandenBerg II*, this Court explained that although the complaint was filed within the limitations period, the affidavit of merit was filed outside the limitations period. *Id.* at 661. Relying on this Court's decision in *Scarsella v Pollak*, 232 Mich App 61; 591 NW2d 257 (1998), aff'd 461 Mich 547; 607 NW2d 711 (2000), the *VandenBerg II* Court explained:

> In *Scarsella*, this Court recognized that, "[g]enerally, a civil action is commenced and the period of limitation is tolled when a complaint is filed," but that "medical malpractice plaintiffs must file more than a complaint; 'they shall file with the complaint an affidavit of merit. . . .' " [*Scarsella*, 232 Mich App] at 63-64, quoting MCL 600.2912d(1). The *Scarsella* panel reasoned that the Legislature's use of the word "shall" indicates that the accompaniment of an affidavit is mandatory, and that, therefore, "the mere tendering of a complaint

without the required affidavit of merit is insufficient to commence the lawsuit." *Id*. at 64. Noting that, by providing for a twenty-eight day extension for the filing of an affidavit, the Legislature provided a remedy for "those instances where an affidavit cannot accompany the complaint," see MCL 600.2912d(2), the panel determined that unless a plaintiff has moved for the statutorily provided extension, a plaintiff was not permitted to file a complaint without the affidavit, then attempt to "amend" the complaint by later supplementing the filing with an affidavit of merit. [*Id*.] at 65. *Here, plaintiff filed the affidavit of merit beyond the period set by the applicable statute of limitations, but failed to move for an extension. Accordingly, plaintiff's suit was not timely commenced and the trial court properly granted summary disposition in favor of defendants.* [*VandenBerg II*, 253 Mich App at 661-662 (emphasis added).]

In sum, the *VandenBerg I* Court held that a dismissal was not required as a sanction when the defendant suffered no prejudice from the failure to file an affidavit of merit with the complaint, and the *VandenBerg II* Court held that because the affidavit of merit was not filed within the statute of limitations period, the case was time-barred. Here, because the affidavit of merit was filed outside the limitations period—and outside the 91-day extension required under MCL 600.2912d(3)—the outcome of this case is controlled by *VandenBerg II*. The trial court did not, therefore, err in dismissing the complaint on statute of limitations grounds.

Wade next asserts that defendants' lawyer stated on the record that the affidavit of merit was filed on May 24, 2013. Wade argues that the on-the-record statement constitutes a binding admission. "[A] statement made by a party or his counsel, in the course of trial, is considered a binding judicial admission if it is a distinct, formal, solemn admission made for the express purpose of, *inter alia*, dispensing with the formal proof of some fact at trial." *Ortega v Lenderink*, 382 Mich 218, 222-223; 169 NW2d 470 (1969). See also *Zantop Int'l Airlines, Inc v Eastern Airlines*, 200 Mich App 344, 364; 503 NW2d 915 (1993) (noting that arguments of counsel are neither evidence nor stipulations of fact). Based on our review, the statements by defendants' lawyer—in the lower court, in this Court, and before our Supreme Court—were not distinct, formal, and solemn admissions made for the express purpose of dispensing with formal proof at trial. Rather, the statements were made informally in connection with a wholly distinct argument. In particular, when making the earlier statements, it was not the timely filing of the affidavit of merit that was important, rather the pertinent fact that the lawyer was attempting to convey was that the affidavit of merit had been filed before Wade received all the medical records, so there was no prejudice from defendants' failure to provide the requested medical records. Accordingly, we conclude the statements by defendants' lawyer during the earlier proceedings do not constitute a binding judicial admission.

Wade next contends that equitable tolling should apply under the circumstances of this case. In support, he directs us to *Ward v Rooney-Gandy*, 265 Mich App 515; 696 NW2d 64, rev'd 474 Mich 917 (2005). In that case, this Court held:

"The time requirements in lawsuits between private litigants are customarily subject to equitable tolling if such tolling is necessary to prevent unfairness to a diligent plaintiff." 51 Am Jur 2d, Limitation of Actions, § 174, p 563. "In order to serve the ends of justice where technical forfeitures would

unjustifiably prevent a trial on the merits, the doctrine of equitable tolling may be applied to toll the running of the statute of limitations, provided it is in conjunction with the legislative scheme." 54 CJS, Limitations of Actions, § 86, p 122. [*Ward*, 265 Mich App at 517.]

As explained in *Ward*:

Equitable tolling has been applied where "the plaintiff actively pursued his or her judicial remedies by filing a defective pleading during the statutory period or the claimant has been induced or tricked by the defendant's misconduct into allowing the filing deadline to pass." Am Jur 2d, supra at 563. While equitable tolling applies principally to situations in which a defendant actively misleads a plaintiff about the cause of action or in which the plaintiff is prevented in some extraordinary way from asserting his rights, the doctrine does not require wrongful conduct by a defendant. *Id*. at 564. An element of equitable tolling is that a plaintiff must exercise reasonable diligence in investigating and bringing his claim. *Id*. at § 175, p 564. In *Irwin v Dep't of Veterans Affairs*, 498 US 89, 96; 111 S Ct 453; 112 L Ed 2d 435 (1990), the United States Supreme Court noted that it had "allowed equitable tolling in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period[.]" In support, the Supreme Court cited, in part, *Burnett v New York Central R Co*, 380 US 424; 85 S Ct 1050; 13 L Ed 2d 941 (1965), in which the plaintiff filed a timely complaint, but in the wrong court. *Irwin*, supra at 96 n. 3. [*Ward*, 265 Mich App at 519-250.]

The *Ward* Court applied equitable tolling to save a plaintiff's medical malpractice case after the plaintiff inadvertently filed the wrong affidavit of merit with the complaint and subsequently failed to file the proper affidavit of merit until after the limitations period expired. *Id*. at 516-517, 525. However, this Court's decision in *Ward* was reversed by our Supreme Court for the reasons stated in Judge O'CONNELL'S dissenting opinion in *Ward*. 474 Mich at 917. As such, it is not binding. Moreover, in Judge O'CONNELL'S dissent in *Ward*—which was the basis for the Supreme Court's order reversing the majority opinion in *Ward*—he explained that under present caselaw, a "grossly nonconforming" affidavit of merit filed under MCL 600.2912d(1) was insufficient to toll the statute of limitations "any more than a complaint that is unaccompanied by any affidavit" could toll the statute of limitations. *Ward*, 265 Mich App at 527 (O'CONNELL, J., dissenting). He further concluded that equitable tolling could not save a claim where the failure to file a conforming affidavit of merit was a mere negligent failure rather than the product of understandable confusion about what was required under the statute. *Id*. at 528-529. Similarly, in this case, equitable tolling is not applicable because the failure to file the affidavit of merit in a timely fashion is the product of negligent failure—i.e., Wade's lawyer's failure to ensure that the affidavit of merit was actually filed with the trial court within the applicable time frame—rather than any understandable confusion about the law.

Wades also suggests that this Court should revisit *Young v Sellers*, 254 Mich App 447; 657 NW2d 555 (2002). The *Young* Court urged our Supreme Court to revisit or distinguish *Scarsella* "so that clearly inadvertent errors no longer have such a harsh result," but the Court recognized that it was nevertheless constrained to follow *Scarsella*. *Id*. at 454-453. Therefore,

*Young* stands for the proposition that if a plaintiff fails to file his or her affidavit of merit with the limitations period, the statute of limitations will bar his or her claim even if the complaint was filed within the limitations period. Given that, like the *Young* panel, this Court is bound by *Scarsella*, we cannot grant relief on the basis of *Young*.

Finally, Wade argues that MCL 600.2301 permits the trial court to "ignore reality at times." The statute provides that a trial court may "amend any process, pleading or proceeding . . . in form or substance, for the furtherance of justice . . . ." MCL 600.2301. He contends that the trial court ought to have used that power to amend the filing date stamped on the front page of the affidavit of merit. Amending the date of the affidavit of merit is only necessary in order to prevent Wade's claim from being dismissed as time-barred by the statute of limitations. MCL 600.2301, however, may not be used to save a case from dismissal when the statute of limitations bars it. See generally *Tyra v Organ Procurement Agency of Mich*, 498 Mich 68, 91-92; 869 NW2d 213 (2015).

### III. ISSUES RAISE IN REPLY BRIEF

In his reply brief, Wade raises two additional arguments for why we should reverse the trial court's decision. First, he argues that because this Court's earlier opinion states that his affidavit of merit was timely filed, the law-of-the-case doctrine applies and the trial court is bound by this Court's conclusion that it was timely filed. Second, he also asserts that under MCR 2.112(L)(2), defendants' challenge to the timeliness of the affidavit of merit is untimely. However, reply briefs may contain only rebuttal argument, and raising an issue for the first time in a reply brief is not sufficient to present the issue for appeal. MCR 7.212(G). See also *Check Reporting Srv, Inc v Mich Nat'l Bank-Lansing*, 191 Mich App 614, 628; 478 NW2d 893 (1991). Accordingly, the arguments about the law of the case and MCR 2.112(L)(2) are not properly presented for appeal, and we decline Wade's invitation to address them further.[2]

---

[2] Moreover, even if the arguments had been raised in Wade's brief on appeal as opposed to his reply brief, it would still be improper to consider them. "Michigan generally follows the 'raise or waive' rule of appellate review." *Walters v Nadell*, 481 Mich 377, 587; 751 NW2d 431 (2008).

> Under our jurisprudence, a litigant must preserve an issue for appellate review by raising it in the trial court. Although this Court has inherent power to review an issue not raised in the trial court to prevent a miscarriage of justice, generally a failure to timely raise an issue waives review of that issue on appeal.
>
> The principal rationale for the rule is based in the nature of the adversarial process and judicial efficiency. By limiting appellate review to those issues raised and argued in the trial court, and holding all other issues waived, appellate courts require litigants to raise and frame their arguments at a time when their opponents may respond to them factually. This practice also avoids the untenable result of permitting an unsuccessful litigant to prevail by avoiding its tactical

Affirmed. Defendants, as the prevailing party, may tax costs. MCR 7.219(A).

/s/ Michael J. Kelly
/s/ Amy Ronayne Krause
/s/ Mark T. Boonstra

---

decisions that proved unsuccessful. Generally, a party may not remain silent in the trial court, only to prevail on an issue that was not called to the trial court's attention. Trial courts are not the research assistants of the litigants; the parties have a duty to fully present their legal arguments to the court for its resolution of their dispute. [*Id*. at 387-388 (citations and quotation marks omitted).]

Accordingly, as neither issue was raised before the trial court, the issues were waived and should not now be addressed on appeal.